Patrick W. COLE, Appellant,

v.

Elizabeth Ann Cole JOLIET, Appellee.

No. C14–90–00348–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 17, 1991.
Rehearing Denied Feb. 14, 1991.

Patrick William Cole, Houston, appellant pro se.

James W. Paulsen, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal and cross appeal from the trial court's order granting a modification of a child support order. We affirm.

Appellant, Patrick Cole, complains of the trial court's order increasing his child support obligation by $50 per month. Appellee, Elizabeth Cole Joliet, complains by cross point that the trial court's order is an insufficient increase.

Patrick Cole and Elizabeth Cole Joliet were divorced in July, 1985. Under the original divorce decree, Patrick Cole was ordered to pay $300 per month in child support until his daughter, Megan, reached the age of eighteen. Megan was ten months old at the time of the divorce. Joliet filed a Motion to Modify the 1985 order in March, 1988, requesting that the child support payments be increased. After a final hearing, held on November 7, 1989, the trial court entered its Order Modifying Child Support on March 6, 1990, resulting in Cole's child support obligation being increased by $50 to $350.00 per month.

Appellant assigns three points of error on appeal. In his first point of error, appellant complains that the trial court erred in increasing his child support obligation because no evidence was presented to prove that a substantial change of circumstances of the child or a person affected by the order to be modified had occurred. In his second point of error, appellant submits the trial court erred in determining that appellee met her burden of proof in establishing that a material and substantial change in circumstances occurred, and such error is an abuse of discretion. In his third point of error, appellant asserts the trial court erred in not examining the circumstances of the child and parents at the time the prior decree of divorce was rendered in relation to the circumstances existing at the time the prior order is sought to be modified.

We consolidate appellant Cole's three assignments of error in our treatment of this case. Each is predicated on the same premise that appellee Joliet did not prove a material and substantial change in circumstances since the time of the divorce.

In this case, no findings of fact or conclusions of law were filed. It is therefore implied that the trial court made all the findings necessary to support its judgment. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988). In determining whether some evidence supports the judgment and the implied findings of fact, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1950). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984).

The trial court's implied finding of a material and substantial change in circumstances is reviewed on a clear abuse of discretion standard. TEX.FAM.CODE ANN. §§ 14.05(a), 14.08(c)(2) (Vernon Supp.1991). *Bacon v. Kouri*, 696 S.W.2d 599, 603 (Tex. App.—Houston [14th Dist.] 1985, no writ). Further, the trial court's action is justified if a material change in circumstances can be shown for any party—father, mother or child. TEX.FAM.CODE ANN. § 14.08(c)(2).

With this standard of review in mind, we turn to the facts of the instant case. It is noted that Cole submits two factors in support of his appeal: (1) that Joliet is making a good salary; (2) that the child, Megan, lacks for none of the basic

necessities of life. These two factors do not operate to relieve Cole from contributing his fair share of child support. Nor do they diminish the trial court's discretion to modify the amount of child support where the child or the father's circumstances have "materially and substantially" changed since the time of the divorce.

The record indicates that the child, Megan, and her father's circumstances have changed substantially since the date of the divorce. Megan, who was ten months old at the time of the divorce, is now nearly six years old, with developing needs and interests. Cole reported $5,280 as income for the year in which he obtained his divorce; he now reports $38,045 in yearly income as indicated in the Financial Information Statement submitted to the trial court. These facts and information support the trial court's determination that there exists a "material and substantial" change in circumstances. Thus, the trial court was fully justified in increasing child support payments. We find no abuse of discretion by the trial court. Appellant's three points of error are overruled.

■■■■ In her cross appeal, appellee Joliet complains that the trial court erred in failing to increase appellant's child support obligation in accordance with the Supreme Court guidelines and the evidence. A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *Brito v. Brito,* 346 S.W.2d 133, 134 (Tex. Civ.App.—El Paso 1961, writ ref'd n.r.e.) *See, e.g. Sohocki v. Sohocki,* 730 S.W.2d 30, 31 (Tex.App.—Corpus Christi 1987, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

The trial judge was the trier of fact at the hearing and observed the witnesses and listened to their testimony. The trier of fact is entitled to believe or disbelieve any witness or any portion of that witness' testimony. *Rego v. Brannon* 682 S.W.2d

677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd). Appellant Cole submitted a Financial Information Statement indicating a net monthly income of $1,679.96. Rule 4 of the Child Support Guidelines dictates that 19 to 23 percent of monthly net resources be allocated for the support of one child. Multiplying appellant Cole's monthly income by 21 percent, the mid-range of the Rule 4 Guideline, produces the amount of $352.79 per month. The trial court was entitled to set the level of child support at the amount the evidence indicated. The actual award was $350.00 per month. On this record, we do not find the increased amount ordered by the trial court to be arbitrary so as to constitute an abuse of discretion. Appellee Joliet's cross point is overruled.

Accordingly, the judgment of the District Court is affirmed.