**Andrea Dey HATTEBERG, Appellant,**

v.

**Richard HATTEBERG, Appellee.**

No. 01–93–00061–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 3, 1994.

Rehearing Overruled Nov. 9, 1995.

---

Leslie Werner de Soliz, Yoakum, for appellant.

Stewart W. Gagnon, Joy M. Soloway, Houston, for appellee.

Before O'CONNOR, PRICE* and WILSON, JJ.

## OPINION

WILSON, Justice.

Appellant, Andrea Dey Hatteberg (Andrea), and appellee, Richard Hatteberg (Richard), were divorced in August 1992. Andrea now appeals from the final judgment and decree of divorce entered by the trial court. Andrea argues in four points of error that the court erred in: (1) denying her motion for continuance; (2) setting the amount of child support to be paid by Richard; (3) failing to make findings concerning child support in the final judgment and decree of divorce; and (4) dividing the proceeds of Richard's retirement profit sharing plan. We affirm in part, and reverse and remand for a redivision of the retirement profit sharing plan.

Andrea and Richard married in January 1979. A child was born in December 1979. The two separated in 1985. In May 1991, Andrea petitioned for divorce. After a trial before the court on August 26, 1992, the court entered a decree of divorce that named Andrea as the child's managing conservator, ordered Richard to pay child support to Andrea of $1000 per month, and divided their community property interest in the Employ-

ees' Profit Sharing Plan of the Red Adair Co., Inc.

**Denial of Motion for continuance**

In her first point of error, Andrea states that the court erred in denying her motion for continuance filed on the day of trial. Andrea had previously filed two motions for continuance; the first was granted, and the second was denied.

On October 15, 1991, Richard requested that the case be set for trial November 18, 1991. On October 28, 1991, Andrea filed a motion for continuance. The grounds alleged for continuance were:

1. A November trial date would be unfair to Andrea because she would be studying for exams during her final semester of law school.

2. No inventories or appraisements had been filed pursuant to local rule 6B.

3. Further discovery was necessary because Richard would not comply with informal discovery.

4. The case was not ready for trial.

These assertions challenged the announcement of ready made by Richard in the trial setting form. The motion for continuance was granted.

On June 12, 1992, Richard requested the case be set for trial on August 24, 1992. On August 7, 1992, Andrea filed a second motion for continuance stating the following grounds:

1. Richard had not fully complied with Andrea's request for production, which was due to be completed August 15, 1992.

2. On July 28, 1992, Andrea first learned that the value of a certain piece of property would now be contested.

3. More differences in property valuation had arisen since the first trial setting.

4. Her deposition (Andrea's) had not been completed and Richard's deposition might be necessary.

5. Additional issues concerning Richard's health arose, and additional discovery on the issue was necessary.

*The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

6. Production requested by Andrea in August of 1991 was not yet complete.

7. Andrea had been unable to prepare for trial due to studying for the bar exam and relocating. Additionally, her attorney would be on vacation the week of August 10, and would be attending the advanced Family Law seminar the week of August 17.

This second motion for continuance was denied. A third motion for continuance was filed on August 27, 1992, the day trial started. Andrea re-urged the same grounds listed in her second motion. Attached to the third motion was the affidavit of Andrea stating that the testimony of Paul N. "Red" Adair could not be obtained and was material to her case. The motion was denied, and the case proceeded to trial.

■■■ A ruling on a motion for continuance will only be reviewed for a clear abuse of discretion. *State v. Crank,* 666 S.W.2d 91, 94 (Tex.1984); *Cedillo v. Jefferson,* 802 S.W.2d 866, 867 (Tex.App.—Houston [1st Dist.] 1991, writ denied). The trial court may be reversed for abuse of discretion only when this Court finds the trial court has acted in an arbitrary or unreasonable manner. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). In determining whether there has been an abuse of discretion, an appellate court views the evidence in the light most favorable to the trial court and indulges every legal presumption in favor of the judgment. *Parks v. U.S. Home,* 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd).

When the motion for continuance is based on the absence of a material witness or the need for additional time for discovery, TEX. R.CIV.P. 252 requires an affidavit to be filed that states:

1. the testimony is material, and showing the materiality thereof;

2. due diligence has been used to procure that testimony, and stating such diligence;

3. the cause of the failure to procure testimony;

4. such testimony cannot be procured from any other source, (only required for a second motion for continuance);

5. if the continuance is requested because of the absence of a witness, the name and residence of the witness and what that witness will prove; and

6. the continuance is not sought for delay only, but so that justice may be done. TEX.R.CIV.P. 252.

Andrea argues that the failure to grant the motion for continuance was an abuse of discretion because it precluded her from completing discovery and denied her the testimony of necessary witnesses. Specifically, Andrea claims discovery was not yet completed; she was denied the testimony of Red Adair, her husband's employer, and Raymond Henry, another employee of Red Adair; and she had inadequate time to prepare for trial. We first address the testimony of the two witnesses and then address the discovery process.

### 1. Missing witnesses

The affidavit filed by Andrea discussed only the testimony of Adair. Therefore, under the rule, the trial judge did not commit error in denying the continuance due to the lack of Henry's testimony. Compliance with rule 252 is a threshold requirement for obtaining relief from the trial judge.

The affidavit discussing Adair's testimony gives only his business address, not his home address. Otherwise, it discusses each requirement of rule 252. Andrea attempted to satisfy the requirement of due diligence by stating Adair had been unavailable for service.

■■ Andrea includes in the record the affidavit of the process server who states both Henry and Adair had been unavailable for service. The server stated he attempted service four times between August 18 and 25, 1992. August 18 was only nine days before trial. A last minute attempt does not indicate due diligence.

It appears that appellant elected to forego its right to take the depositions of the two witnesses. At the "eleventh hour" appellant asked the issuance of subpoenas which

could not be served because the witnesses were either out of the state or under previous subpoena. These facts, in our opinion, do not constitute that degree of diligence which the law requires.

*Dairyland Cty. Mut. Ins. Co. v. Keys,* 568 S.W.2d 457, 460 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

Having failed to show due diligence in procuring Adair's testimony, we find no error in denying the motion for continuance based on the absence of either witness.

### 2. Incomplete discovery

■ Andrea argues the trial court should have granted the motion for continuance because discovery was not complete due to Richard failing to respond or responding on a date very close to trial. When requesting additional time for discovery, rule 252 must be complied with under oath. *Verkin v. Southwest Center One, Ltd.,* 784 S.W.2d 92, 94 (Tex.App.—Houston [1st Dist.] 1989, writ denied). This includes the requirement to show due diligence. This case had been pending more than one year. Andrea delayed many of her discovery requests until close to trial on the premise that Richard would comply with her informal requests.

■ A party who does not diligently utilize the procedures for discovery can seldom claim reversible error when the trial court refuses a continuance. *State v. Wood Oil Distrib. Inc.,* 751 S.W.2d 863, 865 (Tex. 1988); *Verkin,* 784 S.W.2d at 95. We do not find the trial court abused its discretion in denying Andrea's motion for continuance based on incomplete discovery.

### 3. Inadequate time to prepare for trial

Andrea argues that, for several reasons, she was unable to prepare for trial after the court set the trial date on June 10. She was preparing for the bar examination through June and July. She received a notice of deposition in this case on July 31 for August 4. On August 5 through 10, she and her son were moving to Midland. During the week of August 10, her attorney was on vacation. During the week of August 17, her attorney attended the advanced family law seminar, and her child was injured from August 9 until trial.

■ The denial of a motion for continuance based on lack of time to prepare for trial will not be found an abuse of discretion. *Cronen v. Nix,* 611 S.W.2d 651, 653 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Additionally, Tex.R.Civ.P. 253 states absence of counsel is not good cause for a motion for continuance. This suit had been pending since May 1991, and nearly a year had passed since the previous trial setting. Given this ample time to prepare, we do not find the court abused its discretion in denying the motion for continuance because of Andrea's constraints on her ability to prepare for trial.

We overrule appellant's first point of error.

### Findings of fact under Family Code section 14.057

In her third point of error, Andrea argues the trial court erred in failing to make proper child support fact findings, as required under Tex.Fam.Code Ann. § 14.057 (Vernon Supp. 1994), when it awarded child support of $1,000 per month. The record reflects that the trial court entered findings of fact and conclusions of law in accordance with Tex. R.Civ.P. 296 and 297, but did not make all of the specific child support findings requested by Andrea under the relevant provisions of the Family Code.

The Family Code, in section 14.055, sets forth guidelines for child support awards. The former section 14.055, applicable at the time of the trial court's order, provided in subsection (c) as follows:

> In situations in which the obligor's net resources exceed $4,000 per month, the court shall presumptively apply the percentage guidelines in subsection (b) of this section to the first $4,000 of the obligor's net resources. *Without further reference to the percentage recommended by these guidelines,* the court may order additional amounts of child support as proven, depending on the needs of the child at the time of the order.

Act of June 14, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex.Gen.Laws 2038–39, *amended by* Act of June 18, 1993, 73rd Leg., R.S., ch.

766, § 9, 1993 Tex.Gen.Laws 2997 (emphasis added). Subsection (b) of former section 14.055 provided that 20 percent of the obligor's net income up to $4,000 would be the guideline for child support for one child.[1] The presumptive award of child support under this guideline is $800 per month for obligors with a net income of $4,000 per month. Above $4,000 of net monthly resources, additional child support may be awarded based only on the proven needs of the child. *See Rodriguez v. Rodriguez,* 860 S.W.2d 414, 417 (Tex.1993).

Section 14.057 of the Family Code contains two subsections dealing with fact findings in a child support order.[2] Subsection (a) requires a trial court to make five findings in any suit affecting the parent-child relationship in which child support is contested and the amount of the child support is set by the court, on written request made or filed with the court not later than 10 days after the date of the hearing, or on oral request made in open court during the hearing, without regard to TEX.R.CIV.P. 296–299. TEX.FAM. CODE ANN. § 14.057 (Vernon Supp.1994).[3]

■■■ Andrea argues that the trial court's findings of fact, entered on November 9, 1992, are not sufficient because the findings regarding child support do not state the exact amount of the obligor's monthly resources, and instead state only that they exceeded $4000; and that no reasons have been given for a variance from the Family Code's percentage guidelines. The trial court announced its judgment as to the amount of child support on September 4, 1992, when the court concluded the proceedings on the contested issues. The record reflects Andrea did not request findings of fact regarding the child support award at the conclusion of that hearing. At the hearing on the entry of judgment on October 1, 1992, Andrea made an oral request that the trial court include in its judgment the specific child support findings according to section 14.057 of the Family Code. The trial court entered findings of fact and conclusions of law pursuant to TEX.R.CIV.P. 296 and 297 on November 11, 1992, but did not enter the specific findings requested by Andrea under Family Code section 14.057. Richard responds that Andrea did not timely request the findings as required by section 14.057(a), because she made no oral request for such findings at the hearing contesting the amount of support, and a written request was not made at or within 10 days from that hearing. We agree with Richard, and find that the request for the child support findings was not timely made, pursuant to the provisions of TEX.FAM.CODE ANN. § 14.057(a).

Andrea further argues that whether or not a party requests specific child support findings, a trial court is required to make the findings when the amount awarded varies from the amount computed by applying the Family Code's percentage guidelines. Under subsection (b) of section 14.057, the trial court is required to find that the application of the statutory percentage guidelines would be unjust or inappropriate, and make the same five findings required by subsection (a), in any suit affecting the parent-child relationship in which the amount of child support ordered by the court varies from the amount computed by applying the guidelines contained in section 14.055 of the code. TEX. FAM.CODE ANN. § 14.057(b). As noted above,

1. In 1993 the legislature amended section 14.055 and substituted $6,000 for all references to $4,000. Act of June 14, 1989, 71st Leg., R.S. ch. 617, § 6, 1989 Tex.Gen.Laws 2038–39 (amended 1993).

2. Although in 1993 the legislature made several minor amendments to section 14.057(a) and (b), and added a subsection (c) not pertinent to the code's application to this case, the relevant provisions of the current section 14.057 are substantially similar to those applicable at the time of the trial court's order.

3. The findings under this section are:

(1) the amount of net resources available to the obligor per month is $___.
(2) the amount of net resources available to the obligee per month is $___.
(3) the amount of child support payments per month that is computed if Section 14.055, Family Code, is applied is $___.
(4) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is ___%, and if applicable,
(5) the specific reasons that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guidelines pursuant to section 14.055, Family Code, are:_____.

applying the percentage guidelines to the first $4,000 of net income results in a presumptive award of $800 in situations where an obligor's net income exceeds $4,000 per month. The trial court found that the obligor, Richard, had a net income in excess of $4,000 per month, and awarded child support of $1,000 per month to Andrea. In its findings of fact, the trial court stated it followed the dictates of section 14.055(c), and awarded $800 out of the first $4,000 of Richard's net resources and the additional $200 based on what it found as the proven needs of the child.

■ We find this award is not a variance from the percentage guidelines as set out in the Family Code because the trial court properly applied the 20 percent guideline to the obligor's first $4,000 of net monthly income in reaching the $800 presumptive award amount. Section 14.057 of the Family Code does not require a trial court to make findings regarding its basis for the presumptive award unless requested. *See Rodriguez,* 860 S.W.2d at 418 n. 4. Therefore, we find that the provision of section 14.057(b), requiring findings when there is a variance from the percentage guidelines, does not apply.

We overrule appellant's third point of error.

**Sufficiency of Evidence regarding child support award**

In her second point of error, Andrea argues that the trial court committed error by awarding child support of $1,000 per month because that amount went against the great weight and preponderance of the evidence. She argues there was no evidence, or insufficient evidence, to justify the trial court's findings of fact regarding the award of monthly child support.

■ The trial court's decision to set an amount of child support will not be overturned unless a clear abuse of discretion is shown. *Rodriguez,* 860 S.W.2d at 415; *Cohen v. Sims,* 830 S.W.2d 285, 288 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The standard for determining whether a trial court abused its discretion is whether the court acted without reference to any guiding rules or principles. *Beaumont Bank,* 806

S.W.2d at 226; *Cole v. Joliet,* 804 S.W.2d 199, 201 (Tex.App.—Houston [14th Dist.] 1991, writ dism'd).

■ A trial court's findings of fact are not conclusive on appeal when a complete statement of facts appears in the record. *Mai v. Mai,* 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ). The trial court's fact findings may be reviewed for legal and factual sufficiency of the evidence used to support them. *First Nat'l Bank v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.). The fact findings of a trial court are reviewed by the same standards applied to the sufficiency of the evidence supporting a jury finding. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.). We examine the sufficiency of the evidence supporting the trial court's findings of fact in this light.

■ The trial court stated in its findings of fact that it determined the amount of the child support award pursuant to sections 14.052, 14.054, 14.055(c) and other relevant sections of the Family Code, given the needs of the child as established by the evidence at trial. Sections 14.052 and 14.054 set forth a variety of factors a court may consider in setting the amount of child support, but former section 14.055(c) provided that a court may order additional amounts of child support above $4,000 net monthly resources based only on the proven needs of the child at the time of the order. The "needs of the child" have been defined as including more than the bare necessities of life, but are not determined by the parents' ability to pay or the lifestyle of the family, and should reflect the best interest of the child. *Rodriguez,* 860 S.W.2d at 417 n. 3.

**1. No evidence**

■ In determining a "no evidence" point of error, the appellate court may consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988); *Otis Elevator Co. v. Joseph,* 749 S.W.2d 920, 923 (Tex.App.—

Houston [1st Dist.] 1988, no writ). If there is more than a scintilla of evidence supporting the finding, an appellate court must overrule the no evidence point of error. *Sherman,* 760 S.W.2d at 242.

At trial, Richard testified that he felt the child needed a proper education, decent clothing and medical care. He also testified he thought the child did not need to attend a private school. The court noted in finding number 13 that the computation of child support did not reflect a deduction from net resources for the cost of health insurance coverage, because Richard's employer provided health insurance coverage to its employees and their dependents at no cost. We find this evidence, taken as a whole, constitutes more than a scintilla to support the trial court's finding of fact that $1,000 per month was an amount sufficient to cover the proven needs of the child.

### 2. Insufficient Evidence

In reviewing a factual sufficiency point of error, we must examine all the evidence, both supporting and against the finding. *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex.1986); *Otis Elevator,* 749 S.W.2d at 923. The judgment will be set aside only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). We review the entire record to determine if the finding is against the great weight and preponderance of the evidence. *Id.*

The evidence supporting the finding was summarized above. In addition, we now consider the evidence against the finding. Andrea testified that the child needed to be placed in a private school, so he could receive a better education and a more structured environment. She also testified that he needed extracurricular sports activities, lessons, access to a private club swimming pool and tennis courts. Andrea introduced a typed document itemizing her monthly expenditures, totalling $2,889, which she testified was accurate.

A trial court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Jerry v. Kentucky Cent. Ins. Co.,* 836 S.W.2d 812, 814 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The trial court may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Southwestern Bell Media, Inc. v. Lyles,* 825 S.W.2d 488, 493 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

We do not find that the trial court's award of child support of $1,000 per month was against the great weight and preponderance of the evidence. As the trier of fact, the trial court could believe or disbelieve any part of the testimony presented by the parties at trial as to the needs of the child. Since we find there was sufficient evidence to support the trial court's findings, we find that the court's findings were not an abuse of discretion. Therefore we overrule appellant's second point of error.

### Retirement Plan

Andrea argues in her fourth point of error that the court erred in dividing the contributions to the Red Adair Company Profit Sharing Plan because the value of the community interest was not properly calculated. Prior to the marriage, appellee contributed $68,296.25 to the profit sharing plan. On December 31, 1991, the profit sharing plan contained $894,981. The court awarded Andrea $327,992.45 as her share of the community property. This award was based on her receiving 50 percent of the community interest as calculated in accordance with the principles announced in *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983), and *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977).[4]

An employee participating in a defined contribution plan has an individual account. Benefits are based solely on the contents of

4. The *Taggart/Berry* formula is as follows:

$$\frac{\text{number of months married under plan}}{\text{number of months employed under plan}} \times \frac{\text{value of plan}}{\text{at divorce}} = \frac{\text{community}}{\text{interest}}$$

this account. The value of this account can be ascertained at any time before retirement simply by looking at the account. Steven R. Brown, Comment, *An Interdisciplinary Analysis of the Division of Pension Benefits in Divorce and Post Judgment Partition Actions: A Cure for the Inequities in Berry v. Berry,* 37 BAYLOR L.REV. 107, 112–13 (1985). An employee in a defined benefit plan is promised a monthly benefit commencing at retirement. The benefit is calculated based on years of service, age of the employee, salary, and any other plan-specific factors. *Id.* at 115. It is undisputed that the profit sharing plan concerned in this case is a defined contribution plan.

Andrea argues that *Berry* is not applicable to this case because it applies only to defined benefit plans, and the plan at issue is a defined contribution plan. Andrea argues that the profit sharing plan should therefore not be subject to a *Berry*-type calculation. She relies upon *Iglinsky v. Iglinsky,* 735 S.W.2d 536, 538 (Tex.App.—Tyler 1987, no writ). Andrea argues that under *Iglinsky,* the proper calculation should be to subtract the value of the plan before marriage from the value of the plan upon divorce to find the community interest. Richard refers us to *Humble v. Humble,* 805 S.W.2d 558 (Tex. App.—Beaumont 1991, writ denied), in which the Beaumont Court of Appeals affirmed the application of *Berry* and rejected the method Andrea suggests to this Court. *Id.* at 561. However, it is important to note that *Humble* involved a defined benefits plan, while this case involves a defined contribution plan. *Id.* at 560.

 The trial court exercises wide discretion in making an appropriate division of community property on divorce, and the division should not be disturbed on appeal unless an abuse of discretion is shown. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex. 1981). We agree that *Berry* does not apply to this situation. *Berry* addresses only the apportionment of benefits, not contributions. The value of this plan is easily ascertained without resort to the *Berry* formula, which

was developed in response to less readily ascertainable values of future benefits.

The court indicated a desire to divide the community interest in the profit sharing plan equally between the parties. However, it appears that the value of the community interest was miscalculated because of the application of the *Berry* formula to the facts. Therefore, we reverse and remand to the trial court to divide the profit sharing plan.

We affirm the denial of Andrea's motion for continuance. We affirm the findings of the trial court regarding the necessary amount of child support, and affirm the amount of child support awarded. We reverse and remand to the trial court for the proper division of the profit sharing plan.