TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00694-CV








Richard Guy, Rex Holt, GuyRex Associates, GuyRex Event Productions, Inc.,

and GuyRex Productions, Inc., Appellants



v.




Kent S. Foster, Appellee







FROM THE COUNTY COURT AT LAW OF JEFFERSON COUNTY


NO. 73,128, HONORABLE ALFRED S. GERSON, JUDGE PRESIDING 







 Richard Guy, Rex Holt, GuyRex Associates, GuyRex Event Productions, Inc., and
GuyRex Productions, Inc., ("appellants") appeal from a trial-court judgment rendered after a
judge-only trial. The judgment declares appellants jointly and severally liable to Kent Foster in
the principal sum of $90,000, plus other sums, on alternate causes of action, the first for common-law fraud and the second in quantum meruit. We will reverse the judgment insofar as it rests on
Foster's cause of action for fraud and affirm the judgment based on his cause of action in quantum
meruit.


THE CONTROVERSY


 Rex Holt and Richard Guy conduct beauty pageants through various business
entities and trade names. They are partners in the general partnership of GuyRex Associates and
owners and operators of GuyRex Event Productions, Inc., and GuyRex Productions, Inc.

 In the Spring of 1992, Holt and Guy asked Foster for a loan to conduct a beauty
pageant. Foster was reluctant to lend money to Holt and Guy. He agreed, however, to purchase
certificates of deposit, in the amount of $150,000, from Sunwest Bank, and to allow Holt and Guy
to use the certificates as security to obtain a loan of $150,000 (the "Sunwest loan"). The
agreement was consummated. Holt and Guy obtained the Sunwest loan, used the proceeds for
various business purposes, and defaulted on the $150,000 loan. Holt paid Foster $60,000.
Sunwest Bank applied the sums evidenced by the certificates of deposit to discharge Holt's and
Guy's debt to the bank. Foster thus lost $90,000 in the transaction. He sued Holt and Guy for
damages on causes of action for fraud and in quantum meruit, and recovered judgment on both in
the principal sum of $90,000. We construe the judgment as resting on alternate grounds. See 5
McDonald Texas Civil Practice § 27:27 (1992).


DISCUSSION AND HOLDINGS


 In their first and third points of error, appellants contend there is no evidence
establishing the elements of common-law fraud. In determining a "no evidence" point of error,
we consider only the evidence and inferences tending to support the finding of the trier of fact and
disregard all evidence and inferences to the contrary. See Alm v. Aluminum Co. of Am., 717
S.W.2d 588, 593 (Tex. 1986), cert. denied, 498 U.S. 847 (1990).

 In its final judgment, the trial court found that appellants committed fraud on Foster
beginning June 11, 1992, proximately causing Foster's loss of $90,000. The fraud referred to in
the judgment began when appellants promised Foster that the proceeds from the Sunwest loan
would be left in appellants' bank account in order to show liquidity and to obtain an even larger
loan. The record shows the loan proceeds were placed in a GuyRex account and were later used
for various business expenses.

 To prove a fraud cause of action, one must establish "a material misrepresentation,
which was false, and which was either known to be false when made or was asserted without
knowledge of its truth, which was intended to be acted upon, which was relied upon, and which
caused injury." See Formosa Plastics Corp. USA v. Presidio Engr's and Contractors, Inc., 960
S.W.2d 41, 47-48 (Tex. 1998) (quoting Sears, Roebuck & Co. v. Meadows, 877 S.W.2d 281, 282
(Tex. 1994)). A promise of future performance constitutes an actionable misrepresentation if the
promise was made with no intention of performing it at the time it was made. See Schindler v.
Austwell Farmers Coop., 841 S.W.2d 853, 854 (Tex. 1992).

 The evidence adduced does not show appellants' intent at the time the allegedly false
representation was made. See Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986). 
The evidence refers instead to appellants' failure to keep the Sunwest loan proceeds in the GuyRex
account. Because there was no evidence that appellants, at the time Foster agreed to purchase the
certificates of deposit, intended to use the Sunwest loan proceeds for personal, partnership, or
corporate expenses, we hold Foster failed to establish the elements of common-law fraud and will
reverse the judgment accordingly as to that cause of action. See Crim Truck & Tractor v. Navistar
Int'l Transp. Corp., 823 S.W.2d 591, 597 (Tex. 1992). We therefore need not discuss appellants'
second point of error complaining that Foster's pleadings do not support a judgment for common-law fraud.

 In their fourth and sixth points of error, appellants challenge the legal and factual
sufficiency of the evidence supporting the trial court's findings of fact. Having held the evidence
will not sustain an action for common-law fraud, we need only address appellants' sufficiency
challenges with respect to the judgment for quantum meruit.

 We review trial-court findings for legal and factual sufficiency by the same standards
that are applied to determine whether sufficient evidence exists to support a jury's answer to a jury
question. See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994) Starcrest Trust v. Berry, 926
S.W.2d 343, 352 (Tex. App.--Austin 1996, no writ). In deciding a legal-sufficiency point of error
that challenges findings of fact as a matter of law, we consider only the evidence and inferences
tending to support the findings and disregard all evidence and inferences to the contrary. See Alm,
717 S.W.2d at 543.

 If we find the evidence to be legally sufficient, we will then review the evidence for
factual sufficiency. See Lehmann v. Wieghat, 917 S.W.2d 379, 384 (Tex. App.--Houston [14th
Dist.] 1996, writ denied). In reviewing a factual sufficiency challenge, we consider all of the
evidence in the record, both in support of and contrary to the judgment. See Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). A verdict should be set aside only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Id.

 Appellants first challenge the findings of fact concerning the nature of the GuyRex
partnership. Appellants contest the trial court's finding that Holt and Guy were partners in "all"
their affairs and could sign jointly on "all" their accounts. The relevant inquiry is whether Holt
and Guy were partners with respect to the particular transaction that was the subject of the
judgment we now review.

 The record demonstrates that the proceeds of the Sunwest loan were placed into an
account used to finance a beauty pageant. The record also shows that Holt and Guy could each
sign on the account, and that the loan proceeds were used for the benefit of the GuyRex
corporations and GuyRex partnership. The findings of fact regarding the nature of the partnership
are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
 Cain, 709 S.W.2d at 176.

 Appellants next challenge the legal and factual sufficiency of trial-court that the loan
was made to all the defendants, both corporate and individual, contending that the loan was made
exclusively to Holt as an individual, and the trial court therefore erred in finding the other
defendants jointly and severally liable.

 There exists evidence in the record to support a finding that the loan was made for
the benefit of all defendants. Foster testified that Guy originally approached him regarding the
loan. Appellants contradicted this testimony by maintaining that Guy never participated in the
financial affairs of the business and did not solicit the funds. The trial judge, as the trier of fact,
is the sole judge of the credibility of the witnesses and the weight to be given their testimony. See
Hatteberg v. Hatteberg, 933 S.W.2d 522, 530 (Tex. App.--Houston [1st Dist] 1994, no writ). The
trial judge may take into consideration all the facts and surrounding circumstances in connection
with the testimony of each witness, and accept or reject all or any part of that testimony. See id. 
Given the conflicting testimony of interested witnesses, the trial court was within its discretion to
believe Foster's rendition of the facts.

 Appellants' actions with respect to the loan proceeds also demonstrate that all of
the appellants benefitted from the Sunwest loan. The proceeds of the loan were deposited into a
GuyRex account used to fund various pageant expenses and purchase business-related items. Holt
and Guy were both individually authorized to sign on this account, and the checks on this account
were labeled "GuyRex." In addition, Holt testified that the loan proceeds directly benefitted the
GuyRex corporations and partnership. The evidence was legally and factually sufficient to support
the trial court's findings that the loan was solicited on behalf of the GuyRex businesses and that
the loan proceeds were used for corporate and partnership expenses.

 The remainder of appellants' challenges to the findings of fact relate solely to the
fraud claim and are thus irrelevant to the judgment for quantum meruit.

 We overrule appellants' fourth and sixth points of error.

 In their fifth point of error, appellants contend that the trial court erred in granting
judgment against Holt because Foster did not prove that he was the owner of the promissory note
given to evidence the Sunwest loan. Appellee did not sue on the note given to Sunwest, and thus
was not required to prove that Holt was the owner of the note. We overrule appellants' fifth point
of error.

 Accordingly, we reverse the judgment below insofar as it rests on common-law
fraud and render that Foster take nothing thereon. We affirm the judgment insofar as it rests on
Foster's cause of action in quantum meruit. See Tex. R. App. P. 43.2(c).



 

 John Powers, Justice

Before Justices Jones, Kidd and Powers*

Affirmed in Part; Reversed and Rendered in Part

Filed: February 4, 1999

Do Not Publish














* Before John Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 could each
sign on the account, and that the loan proceeds were used for the benefit of the GuyRex
corporations and GuyRex partnership. The findings of fact regarding the nature of the partnership
are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
 Cain, 709 S.W.2d at 176.

 Appellants next challenge the legal and factual sufficiency of trial-court that the loan
was made to all the defendants, both corporate and individual, contending that the loan was made
exclusively to Holt as an individual, and the trial court therefore erred in finding the other
defendants jointly and severally liable.

 There exists evidence in the record to support a finding that the loan was made for
the benefit of all defendants. Foster testified that Guy originally approached him regarding the
loan. Appellants