# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 00-50074
SUMMARY CALENDAR

_____

ANDREA D. HATTEBERG,
*Plaintiff-Appellant,*


v.


ADAIR ENTERPRISES INCORPORATED; FULBRIGHT & JAWORSKI, LIMITED LEGAL
PARTNERSHIP; STEWART W. GAGNON; JONATHAN GOLDHOR; DONALD O.
JANSEN; JOY M. SOLOWAY; LISA D. HARBOUR; JERYL GOLUB; JOETTA JANCZAK;
JAMES RICHARD HATTEBERG,
*Defendants-Appellees.*


_____

On Appeal from the United States District Court
for the Western District of Texas
Midland-Odessa Division
(M0-99-CV-164)

_____

November 8, 2000

Before REYNALDO G. GARZA, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Andrea D. Hatteberg appeals the federal district court's dismissal with prejudice of her

Racketeer Influenced and Corrupt Organizations Act and negligent misrepresentation claims and

dismissal without prejudice of her legal malpractice and abuse of process claims.  For the reasons

stated below, we affirm.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1. **Factual and Procedural Background**

This case arises out of a divorce between Andrea D. Hatteberg (hereinafter "Ms. Hatteberg") and James Richard Hatteberg (hereinafter "Mr. Hatteberg") (collectively referred to hereinafter as the "Hattebergs"). On October 1, 1992, a state family law court issued a divorce decree and entered a Qualified Domestic Relations Order (hereinafter the "First Qualified Order"). At the time of the divorce, Mr. Hatteberg worked for Red Adair Company, Inc. (hereinafter "Red Adair"). In the First Qualified Order, the state family law court valued and divided the Hattebergs' benefits which had accrued in Red Adair's employee profit sharing plan (hereinafter the "Plan Assets"). The state family law court valued and divided the Plan Assets with a formula used for a defined benefit plan.

Ms. Hatteberg appealed the First Qualified Order on the grounds that the state family law court improperly valued and divided the Plan Assets. Ms. Hatteberg contended that the state family law court should value and divide the Plan Assets with a formula used for a defined contribution plan. The state appellate court agreed with Ms. Hatteberg, reversed the state family law court, and remanded the case for a proper division of the Plan Assets. *See Hatteberg v. Hatteberg,* 933 S.W.2d 522, 531 (Tex. App.–Houston [1st Dist.] 1994, no writ).

On remand, the state family law court entered a second Qualified Domestic Relations Order (hereinafter the "Second Qualified Order"). In the Second Qualified Order, over Ms. Hatteberg's objections, the state family law court again valued and divided the Plan Assets with a formula used for a defined benefit plan. Ms. Hatteberg appealed the Second Qualified Order on the same grounds as the First Qualified Order.

On May 2, 1997, while her appeal of the Second Qualified Order was pending, the

Hattebergs reach a mediated settlement regarding the valuation and division of the Plan Assets. The Hattebergs agreed that Ms. Hatteberg would receive $400,000 of the Plan Assets adjusted for all earnings or losses and for other changes in value from December 31, 1991 until the date of distribution to her. The Hattebergs further agreed that Ms. Hatteberg would dismiss her appeal of the Second Qualified Order and that they would submit to the state family law court an agreed order that valued and divided the Plan Assets in accordance with the mediated settlement agreement. Accordingly, Ms. Hatteberg dismissed her appeal of the Second Qualified Order. However, Mr. Hatteberg refused to submit the agreed order to the state family law court.

In response to Mr. Hatteberg's failure to submit the agreed order, Ms. Hatteberg filed this suit in the United States District Court for the Western District of Texas, Midland-Odessa Division. She sought a valuation and distribution of benefits from Red Adair's employee profit sharing plan. Thereafter, Mr. Hatteberg assented to submit the agreed order. On December 12, 1997, the state family law court entered a Domestic Relations Order (hereinafter "Domestic Relations Order") that valued and divided the Plan Assets in accordance with the mediated settlement agreement.

On January 19, 1998, Red Adair's employee profit sharing plan administrator (hereinafter "Plan Administrator") acknowledged the receipt of the Domestic Relations Order. On or about March 6, 1998, the Plan Administrator determined that Ms. Hatteberg accrued $251,152.08 in additional benefits since December 31, 1991. On or about March 11, 1998, the Plan Administrator made an initial, partial distribution to Ms. Hatteberg of the $651,152.08 owed to her, $251,152.08 in additional benefits and $400,000 from the settlement.

In this lawsuit, Ms. Hatteberg sued Mr. Hatteberg and the other defendants (collectively

3

referred to hereinafter as "Defendants") for violations of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), violations of the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), and negligent misrepresentation, legal malpractice and abuse of process claims under state law. Ms. Hatteberg alleged that if the distribution would have been made at the time of or shortly after the divorce the value of her portion of the Plan Assets, on March 11, 1998, would have been at least $1,000,000 more than the $651,152.08 actually distributed.

On September 25, 1998, Ms. Hatteberg and the Defendants filed separate motions for summary judgement. After carefully reviewing the evidence before it, the federal district court, on October 27, 1998, granted Defendants' motion for summary judgment as to Ms. Hatteberg's RICO, negligent misrepresentation, legal malpractice, and abuse of process claims. The federal district court found that Ms. Hatteberg failed to present evidence that established her RICO claim and that ERISA preempted her negligent misrepresentation claim, declined to exercise supplemental jurisdiction over her legal malpractice and abuse of process claims, and appointed a special master to consider Ms. Hatteberg's and Defendants' motions for summary judgment as to her ERISA claims. To facilitate an appeal of the dismissal, the federal district court severed the non-ERISA claims from the ERISA claims. On December 29, 1999, the federal district court entered a final judgment that dismissed with prejudice Ms. Hatteberg's RICO and negligent misrepresentation claims and dismissed without prejudice Ms. Hatteberg's legal malpractice and abuse of process claims. On January 26, 1999, Ms. Hatteberg filed her notice to appeal the federal district court's dismissal of her non-ERISA claims.

**2.    Discussion**

Ms. Hatteberg argues that the federal district court erred when it granted summary judgment in favor of the Defendants and dismissed with prejudice Ms. Hatteberg's RICO and negligent misrepresentation claims and dismissed without prejudice Ms. Hatteberg's legal malpractice and abuse of process claims. We hold that the federal district court did not err when it granted summary judgment in favor of Defendants and dismissed Ms. Hatteberg's claims.

**2.11 Ms. Hatteberg failed to come forward with evidence that establishes her RICO claim**

Ms. Hatteberg argues that she was wrongly denied additional discovery before the federal district court ruled on Defendants' motion for summary judgment and dismissed her RICO claim. However, Ms. Hatteberg did not file a FED. R. CIV. P. 56(f) affidavit that specifically set out the reasons she could not oppose Defendants' motion for summary judgment and how additional discovery would enable her to do so before the federal district court ruled on Defendants' motion for summary judgment. Appropriately, the federal district court did not allow additional discovery and ruled on Defendants' motion for summary judgment.

Ms. Hatteberg further contends that the federal district court should have treated Defendants' motion for summary judgment as a FED. R. CIV. P. 12(b)(6) motion to dismiss because she did not conduct discovery before the federal district court ruled on Defendants' motion for summary judgment. Defendants' motion for summary judgment could not have been treated a FED. R. CIV. P. 12(b)(6) motion to dismiss because Defendants' included evidence outside the allegations in Ms. Hatteberg's complaint. Appropriately, the federal district court did not treat Defendant's motion for summary judgment as a motion to dismiss.

Therefore, this is an appeal from a summary judgment. We review a federal district

5

court's grant of summary judgment *de novo*, applying the same standard of review as would the district court. *See Merritt-Campbell, Inc. v. RxP Products, Inc.,* 164 F.3d 957, 961 (5th Cir. 1999). Summary judgment is only proper when there is not a genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See id.* The movant bears the initial burden, she must come forward with evidence that establishes the absence of a genuine issue as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1985); *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995). If the movant does so, the burden shifts to the non-movant. *See Caldas & Sons, Inc., v. Willingham,* 17 F.3d 123, 126 (5th Cir. 1994); *Celotex Corp.,* 477 U.S. at 322-23. The non-movant, to survive summary judgment, must come forward with evidence that establishes the existence of a genuine issue as to a material fact. *See Caldas & Sons, Inc., v. Willingham,* 17 F.3d 123, 126 (5th Cir. 1994); *Celotex Corp.,* 477 U.S. at 322-23. *See id.*

In order to establish a RICO claim, a plaintiff must show that a person is engaged in a pattern of racketeering activity connected to the acquisition, establishment, conduct, or control of an enterprise. *See Word of Faith World Outreach Center Church, Inc. v. Sawyer,* 90 F.3d 118, 122 (5th Cir. 1996). We agree with the federal district court that Ms. Hatteberg failed to plead or establish the essential elements of her RICO claim and that the Defendants were entitled to summary judgment as a matter of law unless the Ms. Hatteberg came forward with summary judgment evidence, other than her complaint, that establishes her RICO claim. She did not. Accordingly, the Defendants are entitled to summary judgment on Ms. Hatteberg's RICO claim. *See Celotex Corp.,* 477 U.S. at 322.

**2.12    The federal district court correctly found that ERISA preempted Ms.**

**Hatteberg's negligent misrepresentation claim and did not abuse its discretion when it declined to exercise supplemental jurisdiction over Ms. Hatteberg's legal malpractice and abuse of process claims**

We review a federal district court's preemption analysis under ERISA *de novo*, applying the same standard of review as would the district court. *See Nickel v. Estate of Estes,* 122 F.3d 294, 297 (5th Cir. 1997). We review a federal district court's decision to decline to exercise supplemental jurisdiction for an abuse of discretion. *See Sibley v. Lemaire,* 184 F.3d 481, 490 (5th Cir. 1999). After reviewing the parties' briefs, the record, and the applicable authority, we agree with the federal district court that ERISA preempted Ms. Hatteberg's negligent misrepresentation claim, and find that the federal district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Ms. Hatteberg's legal malpractice and abuse of process claims.

3.    **Conclusion**

Based on the foregoing, we AFFIRM the federal district court's grant of summary judgment in favor of the Defendants and dismissal Ms. Hatteberg's claims.