

**NUMBER 13-15-00599-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALFREDO LOSOYA,                                            **Appellant,**

**v.**

MISSION HOUSING AUTHORITY,
SELF-INSURED,                                         **Appellee.**

### On appeal from the 398th District Court of
### Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Alfredo Losoya sought to recover benefits under the Texas Workers'

Compensation Act, claiming that he sustained an aggravation of a preexisting condition

while in the course and scope of his employment. *See* TEX. LABOR CODE ANN. § 409.002 (West, Westlaw through 2015 R.S.). The Texas Department of Insurance, Division of Workers' Compensation (Division) rejected his claim. Losoya exhausted his administrative remedies and filed suit against his employer, appellee Mission Housing Authority (MHA). MHA filed a no-evidence motion for summary judgment. The trial court granted the motion. Losoya argues on appeal that the trial court erred because it: (1) denied his motion for continuance; (2) did not allow Losoya to orally testify concerning his injury at the summary judgment hearing; and (3) used the incorrect legal standard in granting the no-evidence motion for summary judgment. We affirm.

## I. BACKGROUND

Summary judgment evidence established that Losoya worked for MHA as a manual laborer, performing duties such as cutting grass and driving a tractor. On January 6, 2012, Losoya attempted to turn on a cement mixer for a particular job he had been assigned. However, as Losoya pulled the handle, it "locked" and hit his left wrist. He worked for several more months but eventually quit because the pain in his hand prevented him from fulfilling his job duties.

On July 3, 2013, the Division conducted a contested benefit hearing. The hearing officer determined that Losoya did not sustain damage or harm to the physical structure of his body. The hearing officer noted that the evidence regarding his physical injury was contradictory, including evidence that the condition of his left wrist was due to preexisting arthritis. Acting pro se, Losoya sued MHA on December 9, 2013, again claiming that he sustained an aggravation of a preexisting condition.

In September of 2014, pursuant to a docket control order, the court set the case for jury trial on June 8, 2015. On April 7, 2015, MHA filed a no-evidence motion for summary judgment, asserting that Losoya had not provided evidence for each element of his aggravation of a preexisting injury claim. The court set the summary judgment motion for a hearing two months later on June 4, 2015. However, on April 14, 2015, the trial court moved the summary judgment hearing forward several weeks to May 19, 2015. On May 8, 2015, eleven days before the summary judgment hearing, Losoya filed a notice of appearance and designation of counsel, identifying his newly retained counsel. On the same day, Losoya filed a motion for continuance of both the summary judgment hearing and the agreed trial setting. On May 12, 2015, Losoya filed a response to MHA's no-evidence motion for summary judgment.

On May 19, 2015, the trial court held a hearing on Losoya's motion for continuance before the summary judgment hearing. Losoya requested that the summary judgment hearing be continued for "whatever time the court would allow." The trial court granted the motion for continuance, setting the summary judgment hearing to be held on the same day as the trial, June 8, 2015.

On June 2, 2015, Losoya filed a pro-se motion to continue the case, arguing that he was not ready for trial "due to the fact that his attorney has withdrawn from the case." However, our review of the record reveals that Losoya's counsel had not withdrawn at that point. Instead, on the day of the trial, June 8, 2015, Losoya's counsel orally moved to withdraw from the case but did not move for a continuance. The trial court denied the motion to withdraw, reset the jury trial setting, and took MHA's no-evidence motion for summary judgment and Losoya's response to the motion under consideration. On

3

November 19, 2015, the trial court granted MHA's motion for summary judgment. This appeal ensued.

## II. MOTION FOR CONTINUANCE

In his first issue, Losoya argues that the trial court should have granted his motion for continuance.

### A. Standard of Review and Applicable Law

A trial court's decision to deny a motion for continuance will not be disturbed absent a showing that it clearly abused its discretion. *BMC Software Belg., N.V. v. Merchand,* 83 S.W.3d 789, 800 (Tex. 2002) (citing *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986)); *Ngo v. Ngo,* 133 S.W.3d 688, 692–93 (Tex. App.—Corpus Christi 2003, no pet.). The trial court shall not grant a motion for continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. Generally, the "denial of a motion for continuance based on a lack of time to prepare for trial will not be found an abuse of discretion." *Hatteberg v. Hatteberg,* 933 S.W.2d 522, 527 (Tex. App.—Houston [1st Dist.] 1994, no writ).

### B. Discussion

Losoya contends that the trial court abused its discretion by denying his motion for continuance, but he did not specify which motion for continuance he complains of on appeal. However, we note that to properly preserve error, the party alleging error must have made a timely, specific objection or motion to the trial court and must have received an adverse ruling on the objection. TEX. R. APP. P. 33.1; *see Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd).

When Losoya moved for a continuance on May 19, 2015, the trial court granted the continuance, resetting the summary judgment hearing several weeks later. Thus, even though the first continuance was not as long as he requested, Losoya received a favorable ruling. He did not receive an adverse ruling on his first motion for continuance and cannot complain about it on appeal. *Cf.* TEX. R. APP. P. 33.1.

Losoya's second motion for continuance was based on a lack of time to prepare for trial and the incorrect assumption that his attorney would be allowed to withdraw from the case. However, even if his attorney had been allowed to withdraw, lack of time to prepare is an insufficient ground to grant a motion for continuance. *See* TEX. R. CIV. P. 253; *Hatteberg,* 933 S.W.2d at 527; *see also Perrotta v. Farmers Ins. Exch.*, 47 S.W.3d 569, 577 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("[T]he denial of a motion for continuance based on lack of time to prepare for trial is not an abuse of discretion."). Therefore, the trial court did not abuse its discretion in denying the second motion for continuance. *See Merchand,* 83 S.W.3d at 800. We overrule Losoya's first issue.

### III. SUMMARY JUDGMENT

In issues two and three, respectively, Losoya complains that he should have been allowed to orally testify to defeat MHA's motion for summary judgment and that the trial court used the improper standard to rule on the summary judgment.

### A. Oral Testimony at a Summary Judgment Hearing

#### 1. Applicable Law

"[O]ral testimony cannot be adduced in support of or in opposition to a motion for summary judgment." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *see* TEX. R. CIV. P. 166a(c).

### 2. Discussion

There is no basis for Losoya's complaint that the trial court erred by failing to let him orally testify to present summary judgment evidence because parties are not allowed to present oral testimony during a summary judgment hearing. TEX. R. CIV. P. 166a(c); *see Martin*, 989 S.W.2d at 359. Instead, parties must rely on deposition transcripts, interrogatory answers, other discovery responses, pleadings, affidavits, stipulations, and certified public records. *See* TEX. R. CIV. P. 166a(c). Therefore, the trial court did not err in refusing to allow Losoya to give oral testimony. We overrule Losoya's second issue.

## B. No-Evidence Motion for Summary Judgment

### 1. Standard of Review

The trial court must grant a motion for no-evidence summary judgment if the respondent does not produce summary judgment evidence raising a genuine issue of fact. *See* TEX. R. CIV. P. 166a(i). In other words, a no-evidence summary judgment is "essentially a pretrial directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). The legal standard for reviewing a no-evidence summary judgment is the same legal sufficiency standard used in reviewing a directed verdict. *See id.*

> No evidence points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (internal quotations omitted).

## 2. Applicable Law

The Texas Labor Code defines "injury" as "damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." TEX. LABOR CODE ANN. § 401.011(26) (West, Westlaw through 2015 R.S.) "Compensable injury" is defined as "an injury that arises out of and in the course and scope of employment for which compensation is payable under this subtitle." *Id.* at 401.011(10). To prove an aggravation of a preexisting condition, "there must be some enhancement, acceleration, or worsening of the underlying condition from the injury and not just a mere recurrence of symptoms inherent in the etiology of the preexisting condition." *State Office of Risk Mgmt. v. Adkins*, 347 S.W.3d 394, 399 (Tex. App.—Dallas 2011, no pet.). "[E]xpert testimony is required to establish aggravation of a preexisting medical condition." *Id.*

## 3. Discussion

Losoya insinuates that even though MHA's motion was labeled as a motion for no-evidence summary judgment, it was in reality a traditional motion for summary judgment. Using the standard for a traditional motion for summary judgment, Losoya asserts that he should have prevailed because he presented more than a scintilla of evidence that he sustained a compensable injury. *See id.* Thus, he argues that there was not a complete absence of evidence to sustain his claim. However, MHA claims that it properly labeled its motion as a no-evidence motion for summary judgment and that the trial court properly granted the motion for summary judgment using the appropriate legal standard. After reviewing the motion, we agree with MHA that its motion for no-evidence summary judgment was in substance a no-evidence motion for summary judgment; accordingly,

we will review MHA's motion on that basis. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied) ("A court should determine the standard of proof on the summary judgment motion after considering the substance of the motion, rather than categorizing the motion strictly by its form or title.").

After a sufficient time for discovery had passed, MHA filed a no-evidence motion for summary judgment, asserting that there was no evidence that Losoya had sustained an injury on January 6, 2012. The type of injury Losoya allegedly sustained—aggravation of a preexisting injury—can only be established by expert medical evidence. *See Adkins*, 347 S.W.3d at 399. Losoya presented no evidence other than his own affidavit to support the claim that he received a compensable injury. *See id.* There was no medical evidence to raise a genuine issue of fact on this element of his aggravated injury claim. *See id.* Thus, the trial court did not err in finding that Losoya had not raised a genuine issue of material fact on each element of his claim. *See Chapman*, 118 S.W.3d at 750. We overrule Losoya's third issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA,
Justice

Delivered and filed the
8th day of December, 2016.