**E. G. LONG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 60.**

Court of Civil Appeals of Texas.
Houston (14th Dist.).

Jan. 10, 1968.

Rehearing Denied Feb. 7, 1968.

John A. Croom, Houston, for appellant.

James B. Kershaw, Dist. Atty., Bastrop, for appellee.

TUNKS, Chief Justice.

This is an appeal from an order of the trial court granting a temporary injunction. Appellant seeks a reversal on two basic grounds: the insufficiency of the notice of the hearing and the vagueness of the language of the order of injunction.

On March 28, 1967, the plaintiff, State of Texas, appellee here, acting through the District Attorney, filed a suit to enjoin the defendant, Long, appellant here, from .operating a bawdy house at a described loca-

tion in Washington County, Texas. In its prayer, the plaintiff asked for a temporary injunction pending a trial on the merits and a permanent injunction thereafter.

On the same date, March 28, 1967, the district judge signed a show cause order directing the defendant to appear at 9:00 o'clock a. m. on April 7, 1967, and show cause, if any, why the temporary injunction should not be issued. This order had apparently been typed in advance and had blank spaces for showing the hour and day of the hearing. The hour and day were filled in by pen.

Also, on March 28, 1967, the district clerk prepared and signed an instrument designated a "writ" directed to the defendant. This "writ" identified the lawsuit by style and number and the subject matter of the plaintiff's petition. The "writ" also recited that the judge had signed an order directing the defendant to appear on April 7, 1967, at 9:00 o'clock a. m., and show cause why the temporary injunction should not be issued. The "writ" had on it a form for both the "sheriff's return" and "certificate of delivery." The form for the "sheriff's return" was filled in and signed by the sheriff of Washington County, Texas. It recited that it was executed by delivering to the defendant, in person, "a true copy of this writ, having first endorsed thereon the date of delivery, together with a true and correct copy of the plaintiff's petition and the judge's fiat. * * *" on March 28, 1967, at 7:15 p. m. The form for the "certificate of delivery" was also filled in and signed by the sheriff and recited that "this copy of this instrument was delivered to the defendant on March 28, 1967, at 7:15 p. m."

Counsel for the defendant appeared before the District Court on the morning of April 7, 1967, and filed an instrument designated "Motion of Defendant to Quash Process." Attached to that motion, as exhibits, were a copy of plaintiff's petition, a copy of the above described document designated as a "writ" prepared and sign-

ed by the district clerk, together with the sheriff's return and certificate of delivery and a copy of the judge's fiat—the show cause order—all of which were delivered to the defendant by the sheriff on March 28, 1967, at 7:15 p. m. The problem involved arises from the fact that someone, in filling in the hour at which the hearing on the application for temporary injunction was to be held, on what purported to be a copy of the judge's order, which was served on the defendant, wrote in "9:00 o'clock p. m." instead of "9:00 o'clock a. m."

The exact hour at which the defendant's motion to quash was presented to the judge is not shown by the transcript, the only record we have. No statement of facts was filed. The district clerk's file mark shows that the motion to quash was filed at 9:30 a. m. The district judge's order overruling the motion is in longhand at the bottom of the motion and was signed by the judge. It recites that the motion was presented before "hearing of the show cause order" and that it was overruled at 9:35 a. m.

The judge's order granting the temporary injunction is dated April 7, 1967. It recites that the defendant did not appear in person nor by attorney. The district clerk's file mark shows that it was filed at 11:30 a. m., April 7, 1967.

No bill of exceptions was filed by the defendant. There is nothing in the record, other than those facts recited above, from which any information relevant to the questions here presented can be had.

■ While a trial of a petition for permanent injunction requires a citation to be served and returned as ordinary citations, such is not the case with hearings on an application for temporary injunction. The latter may be heard "at such time and upon such reasonable notice given in such manner as the court may direct." Rule 686, Texas Rules of Civil Procedure. If the defendant, after being served on March 28, 1967, had any question as to when the hear-

ing on the application for temporary injunction was to be held, that question was removed when the judge overruled the motion to quash process. The attorneys for the defendant were in court then and had notice that the judge intended to proceed forthwith with the hearing. Apparently, from the recitations in the judgment, they simply left. If they were aggrieved because of the insufficient time to prepare for the hearing, they should have moved for a continuance.

There is nothing in the record showing that after the judge overruled their motion to quash the service the attorneys for the defendant filed any formal motion for continuance or otherwise asked for a postponement to permit them to prepare for the hearing. It is true the prayer of their motion to quash asked, "that said cause be continued for the term or as otherwise provided by law." That motion, however, did not recite that defendant had not had adequate time to prepare a defense, that needed witnesses were unavailable, nor that defendant's counsel was unavailable.

The appellant apparently treats the situation as involving the application of Rule 122, T.R.C.P. It is there provided that, when a defendant's motion to quash citation or service thereof is granted, the defendant has made a constructive appearance at 10:00 a. m. on the Monday next after 20 days after the citation is quashed and must answer by then. As noted above, however, the hearing on this application for temporary injunction did not require formal citation and service. The trial judge, had he granted the motion to quash, would not have been regulated by Rule 122 in fixing another time for the hearing.

After the trial judge overruled the motion to quash, we believe that the situation was comparable to that in which a trial court permits a party to file a trial amendment to his pleadings. If the opposing party is surprised and needs time in which to prepare to answer or defend against the new pleading, he must move for a continuance or otherwise seek, from the trial court, a postponement before he will be heard to complain on appeal. Texas Power & Light Co. v. Holder, Tex.Civ. App., 385 S.W.2d 873, ref., n. r. e.; 393 S.W.2d 821; Great Am. Life & Health Ins. Co. v. Mayer, Tex.Civ.App., 373 S.W.2d 391, n. w. h.

There is no question here of the court's jurisdiction over the defendant. Rule 120a, T.R.C.P., is not applicable to this situation so as to permit the defendant to make a special appearance.

The cases cited by appellant wherein it was held error to order a temporary injunction without any notice to the defendant are not in point. The defendant here did have notice.

The appellant next contends that the injunctive order is too vague. Having examined its language, we are of the opinion that it identifies with sufficient clarity the persons enjoined and the activity prohibited.

The judgment of the trial court is affirmed.