Sylvia GARCIA, Appellant,

v.

Ruben GARCIA, Appellee.

No. 955.

Court of Civil Appeals of Texas, Corpus Christi.

June 12, 1975.

Rehearing Denied Aug. 29, 1975.

---

James H. Arnold, Jr., Texas Rural Legal Aid, Inc., Edinburg, for appellant.

Phil M. Harris, Weslaco, for appellee.

## OPINION

BISSETT, Justice.

This is a child custody case. Suit was instituted on September 10, 1974 by Ruben Garcia, the father of the minor children, Susana T. Garcia and Ruben Enrique Garcia, Jr., against Sylvia Garcia, his ex-wife and mother of the children, wherein he sought to modify certain custodial provisions contained in a divorce decree that was rendered on December 7, 1973 which, among other provisions, appointed Sylvia Garcia managing conservator of the children and enjoined her from removing them from Hidalgo County, Texas. Ruben Garcia, petitioner-appellee, asked for an immediate delivery of the children to him, the issuance of a temporary restraining order which would restrain Sylvia Garcia from removing the children beyond the jurisdiction of the court, to be appointed temporary managing conservator of the children, as provided by Tex.Family Code Ann. § 11.-11(a)(1), and as managing conservator of the children as authorized by Tex.Family Code Ann. § 14.08. After a hearing before the court without a jury on September 23 and 24, 1974, judgment was rendered on October 17, 1974, which modified the prior custodial provisions in certain respects. Sylvia Garcia respondent-appellant, has appealed.

The case was docketed in the 93rd Judicial District Court of Hidalgo County, Texas, the same court that rendered the decree of divorce. Appellee's verified pleadings were presented to the trial judge on the same day that suit was filed, and the judge, also on the same day, without notice to appellant, appointed appellee temporary managing conservator of the children, and set a hearing on the matters for September 13, 1974, wherein appellant was ordered to show cause why appellee should not continue to act as temporary managing conservator of the children until final judgment was rendered in the case.

The hearing scheduled for September 13, 1975 was duly held. Both parties and their counsel were present. The trial judge ordered that the child Susana remain in appellee's custody and that the child Ruben, Jr. be delivered back to the custody of appellant.

Appellee amended his pleadings on September 16, 1974 when he filed a pleading denominated "Amended Motion to Modify in Suit Affecting the Parent-Child Relationship." The allegations, claims and pleas for relief were identical with those contained in his original pleadings. On the same day, September 16, 1974, the trial judge made and signed an order which reads, as follows:

"This the 16th day of September, 1974, the foregoing Motion having been presented with the Affidavits attached thereto, a hearing on the Motion is set for 1:30 p. m. on the 23rd day of September, 1974.

/s/ Magus F. Smith
JUDGE PRESIDING"

The hearing was held on September 23, 1974, as ordered. The parties and their attorneys were present. Ruben and Sylvia each presented testimony. No one demanded a jury. The hearing was concluded on September 24, 1974. Following the introduction of evidence presented by both parties and upon the conclusion of oral argument, the trial judge announced from the bench that the modification sought by appellee would be granted insofar as the child Susana was concerned, but that such modification would not be granted with respect

to the child Ruben, Jr. It was further announced that appellant would be permitted to take Ruben, Jr. to any point within Cameron and Hidalgo Counties, Texas. A written judgment, which reflected the oral pronouncements made by the trial judge on September 24, 1974, was duly signed and rendered on October 17, 1974.

Appellant, in her first three points of error, contends that the trial court was precluded from conducting a trial on the merits on September 23, 1974 (or from rendering the judgment that was actually rendered). The points are each prefaced by the statement: "The district court erred in holding, over appellant's objection, that the hearing held upon September 23–24, 1974, was a final trial on the merits". The reasons stated for appellant's contentions are: "that the rules of Civil Procedure and applicable case law require a separate preliminary hearing where either party seeks temporary relief" (point 1); "that appellant's right to a jury trial on the merits was denied thereby" (point 2); and "said ruling deprived appellant of adequate time in which to prepare her defense in violation of the due process clauses of the United States and Texas Constitution" (point 3). None of the points can be sustained.

■ Under the Texas Family Code Annotated, the pleadings which must be filed in order to change or modify existing custodial provisions regarding minor children are called "motions", not "petitions". Tex. Family Code Ann. § 14.08. The phraseology used by appellee in his pleadings and by the trial judge in his order did not restrict the hearing just to "a preliminary hearing where either party seeks temporary injunctive relief". The motion prayed for a permanent change in the managing conservatorship provisions with respect to the children. It is clear that *all* matters, both temporary and permanent, presented by the motion were set down for hearing or trial, and it could be reasonably expected that the trial judge would rule on all issues involved in the proceeding. There is no showing that appellant was led by either

appellee, his counsel, or the trial judge to believe that the scheduled hearing for September 23, 1974, would be limited to temporary matters.

The record and the unchallenged statements made by the parties in their briefs conclusively show that a preliminary hearing was held on September 13, 1974, wherein the trial judge ordered that appellee keep Susana in his custody and that appellant have the custody of Ruben, Jr., pending further orders by the court. That order was purely temporary, and while it did not grant all of the temporary relief asked by appellee, it is not shown by the record that either appellant or appellee, at that hearing or subsequent thereto, asked the court for a ruling on any other temporary matter. Apparently, since appellant did not complain of the action by the trial court on September 13, 1974, we can only conclude that she was satisfied with those orders. The only remaining issues to be ruled on by the trial court at that juncture, when viewed from appellant's position, were the matters of permanent managing conservatorship of the children and the modifications sought by appellant in her answer entitled "Respondent's Countermotion to Modify in Suit Affecting the Parent-Child Relationship". A trial on the merits was all that was left in order to dispose of the case.

It is undisputed that both parties and their respective counsel appeared at the appointed time and place for the hearing which had been set for September 23, 1974. Each introduced evidence and cross-examined the other's witnesses. Neither party offered any evidence relating to temporary injunctive relief, and neither attempted to obtain any temporary injunctive relief at the hearing. The evidence adduced, for the most part, related to the relative fitness of both parents, the best interests of the two children, and whether or not the present environmental conditions surrounding the children endangered their physical health or impaired their emotional development.

The judgment, which was rendered on October 17, 1974, was a final judgment. It

recites that a hearing was set on the matters raised by appellee in his amended motion, and that "the court held a hearing in the above entitled and numbered cause on September 23 and 24, 1974," at which both parties were "present and represented by counsel", and that "the court heard evidence and argument of both parties." The trial judge made findings in the judgment to the effect: 1) that the circumstances with respect to the child Susana "have materially and substantially changed since the entry of the order sought to be modified"; 2) that "the modification sought by petitioner will be in the best interests of Susana"; 3) that the circumstances relating to the child Ruben, Jr. "have not so changed", and the requested modification will not be in his best interest; and 4) that it was in the best interests that appellant be permitted "to move to any point within the counties of Cameron and Hidalgo in the State of Texas". Accordingly, the custodial provisions of the divorce decree were modified by the judgment to the extent that appellee was named managing conservator of Susana; appellant was given reasonable visitation rights with Susana; and appellant was allowed to take Ruben, Jr. anywhere within Hidalgo and Cameron Counties, Texas.

The statement of facts recites that "at a *trial* of the above styled and numbered cause . . . without a jury, the following evidence was adduced and none other . . . ", and "that the above and foregoing sixty-one typewritten pages contains a full, true and correct narrative statement of facts and evidence so adduced at such *trial*". (Emphasis supplied). Counsel for both parties approved the statement of facts on January 20, 1975.

A bill of exceptions, dated January 30, 1975, was presented by appellant to the trial judge. The bill states that the statement of facts does not contain certain objections to the admission of testimony made by appellant's counsel "during or prior to the *trial* of this action . . . ," and request was made of the trial court that certain objections and motions by appellant and rulings thereon by the trial court, which counsel for appellant alleged were omitted from the original statement of facts, "be accepted into the record of the present action for the purposes of appellant's appeal." The trial judge refused to either allow or qualify the bill, and stated the reasons for his action in writing. Included therein is the statement:

" . . . at the time the cause was set for September 23, 1974, the same was set for trial on its merits, and counsel was so notified, and the cause was tried on its merits."

The action by the trial court with reference to the bill is not challenged by a point of error. We find nothing in the record that impugns or contradicts the above quoted statement.

We hold that a separate and preliminary hearing was held concerning temporary matters on September 13, 1974. We further hold that the trial judge, on September 16, 1974, set the case for trial on its merits for September 23, 1974; that counsel for both parties were each so notified; and that a trial on the merits was had on September 23 and 24, 1974. Temporary matters, including temporary injunctive relief, had already been heard and disposed of by the trial judge at the preliminary hearing on September 13, 1974. There was no need to further consider temporary matters on September 23, 1974. Point 1 is overruled.

■ There was no denial of a right to a jury trial in this case. Appellant did not demand a jury trial at any stage of the proceedings. She did not deposit a jury fee ($5.00) with the District Clerk of Hidalgo County. She did not object to a trial before the court. She cannot now be heard on a complaint that the rendition of a final judgment denied her of a right to a jury trial. Rule 216, Texas Rules of Civil Procedure; *Kost Furniture Co., et al. v. Radio Equipment Co.*, 100 S.W.2d 162 (Tex.Civ.App.—Amarillo 1936, writ dism'd w. o. j.); *Richardson v. Raby*, 376 S.W.2d 422 (Tex.Civ. App.—Tyler 1964, no writ); *Trinity Con-*

*struction Company v. Franklin*, 323 S.W.2d 668 (Tex.Civ.App.—Beaumont 1959, no writ). Under the record, appellant, in effect, waived a jury trial. Point 2 is overruled.

■ Appellant was not denied "an adequate time in which to prepare her defense". In addition to what has already been related, appellant not only testified in support of the denials, claims and allegations made in her answer to appellee's pleadings, but called six witnesses who testified in her behalf. There is no indication that there were other witnesses who might have testified favorably for appellant who, for some reason, were unavailable on the day of trial. Appellant did not ask for a continuance on the ground that she did not have adequate time to prepare for trial. The evidence which she introduced in defending against the allegations and claims made by appellee amply supported her position. Point 3 is overruled.

We have carefully considered appellant's points 4 and 5. They have no merit. Points 4 and 5 are overruled.

The judgment of the trial court is affirmed.