Michael Arlen **WASH**, Appellant,

v.

Sharon Henson **MENN**, Appellee.

No. 8302.

Court of Civil Appeals of Texas, Beaumont.

Sept. 6, 1979.

Rehearing Denied Oct. 4, 1979.

Bob Gibbins, Austin, for appellant.

Roy Q. Minton, Austin, for appellee.

CLAYTON, Justice.

This is an appeal from an order denying a temporary injunction sought by appellant to restrain appellee from removing the parties' minor child from the State of Texas and also from an order granting appellee permission to remove the child from the State.

Appellant, Michael Wash, and appellee, Sharon Menn, were divorced May 28, 1976. Appellee was named managing conservator of the child. The decree provided, inter alia, that appellee was not to "move from the State of Texas with said minor children for a period of more than ninety days without the permission of Michael Arlen Wash or until the court approves such move after notice and hearing."

Appellee married her present husband in December 1976, and on April 20, 1978, pursuant to the provisions of the divorce decree, appellee filed a motion seeking permission to remove the minor child from the State. Appellant received notice of this motion on April 21, 1978. Appellant then, on April 28, 1978, filed his petition seeking modification of the divorce decree in that he be appointed managing conservator of the minor child, and for a temporary injunction against appellee from removing the child from the State. The hearing on the application for temporary injunction was set for May 1, 1978. At the time of the hearing, the trial court heard appellant's application for temporary injunction and appellee's motion to approve the child's removal. At the conclusion of the hearing, the court dissolved the restraining order which had previously been entered, denied appellant's application for temporary injunction, denied his request that he be named temporary managing conservator, and granted appellee's motion to remove the child from the State.

Appellant's first point complains of error by the court in hearing appellee's motion to approve the removal of the child from the State in the absence of proper notice being given of such hearing.

When both parties and their attorneys appeared for the hearing on appellant's request for a temporary injunction, the trial court decided to hear also appellee's motion to approve the removal of the child from the State. This decision was made for the reason, as stated by the court, that ". . . it seems to me also that the facts and considerations in support of the application for temporary injunction would be essentially the same as those with respect to Mrs. Menn's motion to take this child out of the State. I am going to hear it all at the same time." At this time counsel for appellant stated, "Will you just note our exception. . . . My only problem was that we really weren't prepared to go forward with this hearing today. . . . In other words, I was hoping to have the usual and customary something approaching ten days. . . . I don't feel that I am prepared to go forward, while I recognize that some of these issues might parallel or dovetail, but I did want to make that abundantly clear not to waive anything under the rules. . . ." Appellant admits he was delivered a copy of appellee's motion ten days before this hearing. Appellant's petition for a temporary injunction raised the same issues and involved the same proof as the issues and proof raised in appellee's motion. It is ap-

parent appellant's attempt to obtain a temporary injunction was his response to appellee's motion to approve the removal of the child from the State. He sought the very opposite relief which was sought by appellee. At the time of the hearing, appellant merely stated orally that he had not received proper notice and stated he was not prepared to hear appellee's motion because of such short notice. He did not file any written motions setting up any reason for not being ready on such hearing. He merely stated his objections. He did not file a motion for a continuance or for postponement.

If appellant was surprised or needed time in which to prepare or defend against appellee's motion, it was incumbent upon him to file a written motion for a continuance or otherwise seek, from the trial court, a postponement before he can be heard to complain on appeal. *Long v. State*, 423 S.W.2d 604 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.); *Texas Power & Light Co. v. Holder*, 385 S.W.2d 873 (Tex. Civ.App.—Tyler 1964), writ ref'd n. r. e. per curiam, 393 S.W.2d 821 (Tex.1965). Tex.R. Civ.P. 251 required that continuance be granted only "for sufficient cause supported by affidavit . . . ." Before the trial court may exercise its discretion there must be a motion presented in conformity with *Rule 251*. *Arvedson v. Luby*, 498 S.W.2d 253 (Tex.Civ.App.—Austin 1973, no writ); *Drake v. State*, 488 S.W.2d 534, 536 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.).

The hearing on the temporary injunction and motion to remove involved the same issues and involved the same matter of proof. A suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession, and visitation matters involving the child. The courts are given wide discretion in such proceedings. *Leithold v. Plass*, 413 S.W.2d 698 (Tex. 1967); *Ex parte Eaton*, 151 Tex. 581, 252 S.W.2d 557 (1952). The trial court properly heard both matters of removal of the child and for temporary injunction at the same hearing, and could properly enter an order

in either or both motions. The court properly proceeded to trial in the absence of any proper motions for continuance or request for postponement. This point is overruled.

Appellant next complains of error by the trial court in proceeding with the hearing of appellee's motion to remove the child from the State "without a jury."

■ Appellant does not cite any authority, and we have found none, giving him the right of a trial by jury on appellee's motion. We hold he was not entitled to a jury upon this type of hearing. The determination of whether to grant permission to appellee to remove the child from the State for a period to exceed ninety days was solely within the discretion of the court. Even if he had been entitled to a jury trial the record discloses he waived the same. Appellant had made a jury fee deposit, but at the time he appeared in court, and immediately preceding the hearing, he did not make any request to the court for a jury; and, in the absence of any such request, the court did not deny him a jury. Appellant had the choice between submitting the fact questions to the court or jury as the trier of facts, but his right to a jury could be waived if he chose that course, which he did by entering upon the hearing without making a request for a jury and making no complaint or objection. *Richardson v. Raby*, 376 S.W.2d 422 (Tex.Civ.App.—Tyler 1964, no writ); *Hernandez v. Light Pub. Co.*, 245 S.W.2d 553 (Tex.Civ.App.—San Antonio 1952, writ ref'd); *Garcia v. Garcia*, 526 S.W.2d 152 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). This point is overruled.

■ Appellant, by his third and fourth points, urges error in that the trial court abused its discretion by granting appellee permission to remove the child from the State and erred in denying appellant's request for a temporary injunction against so removing the child.

The appeal from an order granting or denying a temporary injunction is an appeal from an interlocutory order. Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a

clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey,* 571 S.W.2d 859 (Tex. 1978); *State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526 (Tex.1975); *State v. Cook United, Inc.,* 469 S.W.2d 709 (Tex. 1971). Where the evidence is in conflict, an abuse of discretion by the trial court is not shown either in granting or refusing a temporary injunction. *Carroll v. Lee,* 451 S.W.2d 766, 777 (Tex.Civ.App.—Texarkana 1970, writ ref'd n. r. e.); *Scanlan v. City of Houston,* 137 S.W.2d 204, 205 (Tex.Civ.App.—Galveston 1940, writ dism'd judg. corr.).

We have carefully reviewed the entire statement of facts and, based upon a review of the evidence and the rules enunciated by the above authorities, we conclude that the trial court, in refusing to grant the temporary injunction in this case, did not abuse its discretion. In refusing to grant appellant's requested temporary injunction, based upon the same evidence and the matter being within its discretion, the trial court did not abuse its discretion in granting permission to appellee to remove the minor child from the State for a period in excess of ninety days.

The judgment of the trial court is affirmed.

AFFIRMED.