In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00468-CV**
_____

**TRISHA WAKAT SHAFER, Appellant**

**V.**

**JACK NEWTON SHAFER, Appellee**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-04-03653 CV**

**MEMORANDUM OPINION**

Appellant Trisha Wakat Shafer appeals from the trial court's September 7, 2012 order denying her petition to modify the parent-child relationship. In two points of error, Trisha argues that the trial court abused its discretion by denying her right to a jury trial and by refusing to grant her motion for continuance. We affirm.

1

# I.     Factual Background

Trisha and Jack Shafer divorced in December 2010.  The final decree of divorce appointed Jack as sole managing conservator of the parties' two minor children and granted Jack the exclusive right to designate the primary residence of the children.  The decree appointed Trisha as possessory conservator of the children and imposed a standard possession order. The decree also required Trisha to pay monthly child support to Jack.

In January 2012, Trisha, proceeding pro se, filed a petition to modify the parent-child relationship.  In her petition, Trisha sought to be named as the person with the right to designate the primary residence of the children. She also sought extended visitation with the children.  In April 2012, Jack filed a counter-petition, requesting that Trisha's access to the children be denied or, alternatively, that the court enter an order designed to protect the physical and emotional well-being of the children.  In support, Jack alleged that Trisha had a history of committing family violence, that Trisha had pending criminal charges for violating a family violence protective order and driving while intoxicated, and that Trisha, therefore, presented a threat to the safety and well-being of the children.  Jack also filed a motion to enforce the child support provisions of the original divorce decree. Neither party included a written jury demand in their pleadings.

On May 4, 2012, the trial court held a hearing on the parties' request for temporary orders.[1]   At the beginning of the hearing, the trial judge inquired whether Trisha anticipated having a jury trial for the final hearing on her petition for modification.   The following exchange occurred:

> THE COURT:   Are you anticipating wanting a jury or nonjury trial in the modification?
>
> MRS. SHAFER:   Jury trial.
>
> THE COURT:   Jury trial.  All right.  Have you made a -- paid a jury fee? Made a jury demand?
>
> MRS. SHAFER:   No, ma'am.  I was going to wait until after today.
>
> THE COURT:   For scheduling purposes[,] I need to know whether to schedule -- how much time on my calendar and with the Court.  You're anticipating filing a jury demand and paying the jury fee?
>
> MRS. SHAFER:   Yes, ma'am.
>
> THE COURT:   You're anticipating having a jury trial?
>
> MRS. SHAFER:   Yes, ma'am.
>
> THE COURT:   All right.  Anybody has a right to trial by jury in our country if they follow the proper procedure.  That's fine.  But we just need to know what it is the petitioner is anticipating for scheduling purposes.  Because a jury trial, obviously, will take longer

---

[1] Prior to the May 4, 2012 hearing, the district court judge to whom the case was assigned recused himself, and a visiting judge was assigned to preside over the case.

than a nonjury trial and have a different sort of time frame for those trials.

Following this discussion, the trial court, noting that Trisha wanted a jury trial, appointed an amicus attorney to assist the court in protecting the best interest of the children.

After appointing an amicus attorney, the trial judge informed the parties that she wanted to schedule the date of the final hearing and asked Trisha how much time she would need before the final hearing. Trisha responded that she wanted the trial be set "somewhere [in] the middle of summer[,]" but "at least before school starts[.]" The trial judge, noting that that a jury trial typically lasts a week, stated that she would try to find a week during the summer that the parties, the court, and the amicus attorney were all available for a trial. The trial judge then took a recess to confer with the court coordinator regarding the court's calendar. Before going off the record, however, the trial judge advised the parties:

> THE COURT:     . . . . All right. Now, as I say, if the parties decide not to have a jury trial, that's fine with me. Doesn't matter. It is your right and your privilege to have a jury trial if you make the proper demands and pay the proper fees. It is up to you.

Following a brief recess, the trial court went back on the record and proposed that the case be preferentially set for trial on August 13, 2012. The court explained that it had selected that date because there was a courtroom with a jury

4

room available and because it would accommodate Trisha's request that the trial take place before her children went back to school in August. Both parties stated on the record that they agreed to the August 13, 2012 trial setting. The trial judge then stated to Trisha:

> THE COURT: . . . . You wanted something before they went back to school. I understand the schools start the last week in August typically? All right. . . . So, that -- if that is what you want, then if you want a jury, you will have to take the appropriate steps to comply with the rules of civil procedure, etc., and pay whatever fees the Court requires, clerk requires, for a jury case. But, you know, people can always pay the jury fee and then decide later they do not want to have a jury. So, you can't have a jury unless you take the proper steps. But if later you decide to not have a jury, that is not a problem.
>
> All right. Okay. I'm going to now sign the order setting the matter for trial.

The trial court then signed an order setting the case for trial on August 13, 2012 (the "May 4, 2012 Order"), and a copy of the order was given to each party. The May 4, 2012 Order stated:

### ORDER SETTING MATTER FOR TRIAL

> On this date, the Court determined that, given the reinstatement of this matter, this case should be set for trial.
>
> Accordingly, IT IS ORDERED, ADJUDGED and DECREED that the trial of this matter is now set for _8-13-12_, at 9:00 a.m., and that a Docket Call-Pretrial Conference is set for _8-03-12_, at 9:00 a.m. All other deadlines imposed by the Scheduling Order previously

5

rendered in this matter shall remain in full force and effect as calculated from the new trial date.

Although nothing in the typed body of the May 4, 2012 Order purported to set the case for a jury trial or non-jury trial, the word "Jury" was handwritten on the order immediately below the caption and above the word "Trial" in the title of the order.

On June 1, 2012, the trial court held a hearing for entry of agreed temporary orders. During the hearing, the trial court reminded the parties that the trial had been set for August 13, 2012 and asked if that date was "still working out for everyone[.]"  Both Trisha and Jack responded that it was.  The court then inquired whether either party had made a jury demand or paid the jury fee, and both parties—including Trisha—indicated that they intended to proceed with a non-jury trial:

> THE COURT:     All right.  Very well.  And last time we were here, there was some discussion about whether it was going to be a bench trial or a jury trial.  Has anyone paid a jury fee, made a jury demand at this time?
>
> [JACK'S COUNSEL]:   We're not making any request that would require -- that would have a jury issue.  I believe that was Ms. Shafer.
>
> MRS. SHAFER:   I can just have a regular trial.
>
> THE COURT:     I'm sorry?
>
> MRS. SHAFER:   I can just do regular hearing instead of a jury trial.

6

> THE COURT: Okay. That's your desire?
>
> MRS. SHAFER: Yes, ma'am.
>
> THE COURT: All right. Anybody that wishes to have a jury trial can do whatever they need to do and have one. But if you don't do certain things, you don't get a jury trial.
>
> MRS. SHAFER: Yes, ma'am.
>
> THE COURT: All right. So just want you to understand that if you want a jury trial, you have to do certain things. Otherwise, it is a bench trial. But anybody that wants to have a jury trial, it is a constitutional right, obviously.

At the conclusion of the June 1, 2012 hearing, Trisha again stated that she wanted a non-jury trial:

> THE COURT: I will step into the judge's office. I need to talk to the judge anyway and his coordinator about the August dates. Make sure we're still on for that. You're saying no one thinks it is going to be a jury case. It's going to be a bench trial?
>
> MRS. SHAFER: Bench trial is fine with me.

On July 31, 2012, Trisha filed her first amended petition. In her amended pleading, Trisha requested that the court appoint Trisha and Jack as joint managing conservators of the children, that the court grant Trisha the right to designate the primary residence of the children, and that the court grant Jack the right of first refusal.[2] Trisha did not include a jury demand in her first amended petition.

---

[2]During the trial, Trisha explained that her reference to a "right of first refusal" in her amended pleading concerned instances in which Trisha had to work

On August 2, 2012, Trisha filed a motion for continuance. On August 3, 2012, the trial court held a pretrial conference. After a brief hearing on the grounds for Trisha's requested continuance, the trial court orally denied Trisha's motion for continuance and stated that trial would proceed as scheduled on August 13, 2012.

During the pretrial conference, Trisha also informed the trial court that she had decided she wanted a jury trial for the final hearing, explaining that she had not realized the jury fee was "only $30." The trial judge asked Trisha whether she had paid the jury fee, and Trisha responded that she had not, but she was willing to pay it "right after court." Jack's attorney objected, arguing that Trisha's oral request for a jury trial was untimely, that Jack's attorney had no record of a written jury demand having been filed by Trisha, that it was too late for Trisha to pay the jury fee, and that Trisha had "officially" waived a jury trial at the June 1, 2012 hearing. Similarly, the amicus attorney stated that she had no record of a written jury demand filed by Trisha and that it was her understanding that the parties had waived a jury trial on the record at the June 1, 2012 hearing.

The trial judge, noting for the first time that a venire panel had been ordered by the court clerk for August 13, 2012, recessed the pretrial conference to determine whether a written jury demand had been filed and, if not, to determine

or otherwise could not care for the children during periods in which she was assigned possession.

8

why the clerk had ordered a venire panel. During the recess, Trisha went to the

district clerk's office and paid the jury fee.

When the trial court reconvened the pretrial conference a short time

thereafter, the trial judge stated as follows:

> THE COURT: Let's go back on the Record. I have, during the recess, researched the matter of the jury or nonjury setting. The court's computer printout for this case indicates "jury/Judge Kennedy." So[,] it is in the computer as a jury case. On May 4, 2012, we had a hearing. I believe that was potentially the first hearing I had had with the parties after I was assigned to the case by Judge Underwood.

> On May 4, the docket sheet reflects that . . . [an] Order setting trial was signed, 8-13-12 through 8-17-12. Pretrial set 8-3-12. . . . On the May 4, 2012[] order setting the matter for trial . . . . there is a written note above the word "trial," which says "jury." It says, "On this date[,] the court determined that given the reinstatement of this matter, the case should be set for trial." And we gave the trial date and the pretrial date. That document was signed by Ms. Shafer and by [Jack's attorney]. And then it -- I think it indicates it was faxed to [the amicus attorney] at that time.

> Now, the court has looked into the matter. Texas Rule of Civil Procedure 216[,] which governs this matter[,] says: "Request and fee for jury trial.

>> "a. Request. No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the nonjury docket, but not less than 30 days in advance.

>> "b. Jury fee. Unless otherwise provided by law, a fee of $10, if in the District Court and $5 for the county court must

9

be deposited with the clerk of the court within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet."

However, the jury fee has now been raised up to $30 by various legislation is the court's understanding. . . .

. . . . Now, on the 4th when I first met with the parties about this case, I did inquire of the parties whether they wanted this to be a jury case or a nonjury case. And I have asked the court reporter to pull the transcript from that day and I'm going to ask her to read back the portion of the transcript of May 4, 2012, which concerns this matter.

(REQUESTED MATERIAL READ BACK.)

THE COURT:     So, back on May 4, Ms. Shafer indicated on the Record in open court that she desired to have a jury trial. And the order that the court signed on May 4 includes the word "jury." I have searched the file and I have not found a separate written demand by Ms. Shafer requesting a jury trial. . . . Now, it is my understanding that at the moment that I entered the courtroom this morning at 9:00 AM, a jury fee had not been paid either. So, as it would stand now, it would [be] a bench trial.

At that point, Trisha advised the trial judge that she had paid the jury fee that morning while the court was in recess. The trial court nevertheless denied Trisha's oral request for a jury trial, stating:

THE COURT:     . . . . [Y]ou were told what to do[,] and you said you wanted a jury [trial] and you didn't take the proper procedures. And it is within 30 days of trial. It is now August 3rd. Trial is set for August 13th. So, you have not paid the jury fee or made the demand within the time frame. So it will be a nonjury trial. I went back and checked the court's file, myself, because I remembered that there had been some statement at a previous time

10

about you wanting a jury trial. But [at] the last hearing that we had, everyone said it was going to be a bench trial on the Record. But, then again, today, you requested that it be a jury trial. . . . I did not find a separate written demand for [a] jury trial[,] and I did not find any payment for the jury fee before the time frame had elapsed. So, it will be a bench trial.

Thereafter, the trial court conducted a two-day bench trial on August 13 and 14, 2012. At the conclusion of the trial, the trial court denied Trisha's petition for modification and ordered that Jack remain the sole managing conservator of the children, that Trisha continue to pay child support to Jack, and that the existing standard possession order remain in place. The trial court also awarded attorney's fees to Jack. On August 21, 2012, Trisha filed a "Motion for Reconsideration and Retrial." On September 7, 2012, the trial court held a hearing, during which it denied Trisha's motion for reconsideration and retrial and entered a final order denying Trisha's petition for modification. This appeal ensued.

## II. Right to a Jury Trial

In her first point of error, Trisha contends that the trial court erred by denying her right to a trial by jury. We review a trial court's denial of the right to a jury trial for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). "In conducting an abuse of discretion review, we examine the entire record." *Id*. We will find an abuse of discretion only when the

11

trial court's decision was arbitrary, unreasonable, and without reference to guiding principles. *Id.*

The right to a trial by jury is guaranteed by the United States and Texas Constitutions. *See* U.S. CONST. art. III, § 2; Tex. Const. art. I, § 15. "The right to [a] jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (quoting *White v. White*, 196 S.W. 508, 512 (1917)). It is well-established, however, that the right to a trial by jury in a civil case is not self-executing. *See In re McDonald*, 424 S.W.3d 774, 781 (Tex. App.—Beaumont 2014, orig. proceeding); *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ). To invoke that right, a party must comply with Rule 216 of the Texas Rules of Civil Procedure by filing a written demand for a jury and paying the appropriate jury fee "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." Tex. R. Civ. P. 216; *see also In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.).

The record before us does not contain a written jury demand by either party. Although Trisha belatedly paid the jury fee ten days before the trial setting, payment of the jury fee does not constitute a demand for a jury trial. *See Walker v.*

12

*Walker*, 619 S.W.2d 196, 198 (Tex. Civ. App.—Tyler 1981, writ ref'd n.r.e.). Thus, Trisha waived her right to a jury trial by failing to invoke that right in accordance with Rule 216. *See* Tex. R. Civ. P. 216; *In re K.C., Jr.*, 23 S.W.3d 604, 608-09 (Tex. App.—Beaumont 2000, no pet.); *Walker*, 619 S.W.2d at 198; *Garcia v. Garcia*, 526 S.W.2d 152, 155 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.).

Trisha, however, argues that her right to a jury trial in this case is governed by the Texas Supreme Court's decision in *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664 (Tex. 1996), and not by Rule 216. In *Rhyne*, Rhyne filed a written demand for a jury trial, but never paid the jury fee. 925 S.W.2d at 665. On February 19, 1991, the trial court signed an order declaring that "[i]t is hereby ORDERED that the above entitled and numbered cause is set for trial on the merits *before a jury* on February 3, 1992." *Id*. (emphasis in original). After signing the order setting the case for trial before a jury, the trial court never modified or withdrew that order. *Id*. On January 31, 1992, the final business day before the trial, Mercedes-Benz discovered that Rhyne never paid the jury fee and that he no longer wanted a jury. *Id*. Mercedes-Benz then filed its own jury demand and paid the jury fee on the next business day. *Id*. Four days later, the trial court held a

13

pretrial hearing, denied Mercedes-Benz's jury demand, and proceeded with a bench trial. *Id.* at 665-66.

On appeal, Mercedes-Benz argued that the trial court abused its discretion by denying its demand for a jury trial. *Id.* at 666. The Texas Supreme Court, in a unanimous opinion, agreed and explained that Rule 216 did not apply to the case before it:

> Rule 216 of the Texas Rules of Civil Procedure, which provides the requirements for a party to assure its right to a jury trial, normally furnishes the guidelines under which a trial court must act. That rule calls upon parties to make a jury request and pay the jury fee "a reasonable time before the date set for trial of the cause on the *non-jury docket*, but not less than thirty days in advance." In this case, neither party paid the jury fee more than thirty days before the trial setting. But Rule 216 does not speak to this case, in which the trial court set the case on the *jury docket* and issued an order announcing that it had done so. A trial court clerk, not the court itself, usually performs the ministerial duty of placing a case on the jury docket. When the trial court took the uncommon step of signing the order setting the case for a jury trial, the court was not free to later ignore that order.
>
> We agree with [Mercedes-Benz] that the trial court's disregard of its own order in this case was arbitrary and capricious and therefore an abuse of discretion. The trial court issued a written order a year before trial stating that the case would be tried before a jury. The trial court's order remained unmodified and unchallenged throughout all of the pretrial proceedings. In such a situation, [Mercedes-Benz] was entitled, as a matter of law, to rely on the trial court's order setting the case for a jury trial. For the trial court to vacate or change its order, it must have given the parties a reasonable time to comply with Rule 216 requirements for making a jury demand and paying the fee.

14

*Id*. at 665-66 (emphasis in original) (footnote and citations omitted). Because the dispute between Rhyne and Mercedes-Benz involved material questions of fact, the Court concluded that the trial court's denial of a jury trial was reversible error, and it reversed and remanded the case to the trial court for a new trial. *Id*. at 667.

Trisha argues that the May 4, 2012 Order set the case for trial on the jury docket. Consequently, she contends, the Texas Supreme Court's decision in *Rhyne*, rather than Rule 216, controls and the trial court abused its discretion by removing the case from the jury docket without giving her a reasonable opportunity to comply with the requirements of Rule 216. Further, Trisha argues that because this case involves "a multitude of material fact questions[,]" the trial court's denial of a jury trial in this case constituted reversible error. We disagree.

Assuming, without deciding, that the May 4, 2012 Order set this case for trial on the court's jury docket, as Trisha contends, we conclude that *Rhyne* is distinguishable from, and therefore does not control, the instant case. In *Rhyne*, the trial court signed and entered its order setting the case for a jury trial approximately one year before the trial setting. 925 S.W.2d at 665. That order "remained unmodified and unchallenged throughout all of the pretrial proceedings." *Id*. at 666. For that reason, the Court found that Mercedes-Benz was entitled as a matter of law to rely on that order as setting the case for a jury

15

trial, and if the trial court later decided to change or modify that order, it was required to give Mercedes-Benz a reasonable opportunity to comply with Rule 216. *Id.*

By contrast, even if we were to assume the May 4, 2012 Order set the case for a jury trial, the record reflects that the May 4, 2012 Order did not remain unchallenged throughout the pretrial proceedings. At the June 1, 2012 hearing, nearly one month after the May 4, 2012 Order was entered and approximately two months before the scheduled trial setting, Trisha indicated on the record in open court that she wished to proceed with a bench trial instead of a jury trial. Trisha's statements during the June 1, 2012 hearing constituted an express waiver of a jury trial. *See Lueg v. Lueg*, 976 S.W.2d 308, 311-12 (Tex. App.—Corpus Christi 1998, pet. denied). During that same hearing, Jack's counsel confirmed on the record that Jack was not seeking a jury trial because he was not requesting any relief that would involve a jury issue. Therefore, unlike *Rhyne*, the record here reflects that both parties clearly and unequivocally stated on the record in open court that they intended to proceed with a bench trial instead of a jury trial after the entry of the order that purportedly set the case for a jury trial.

Following the June 1, 2012 hearing, neither party raised the issue of a jury trial again until August 3, 2012—ten days before trial—when Trisha informed the

16

trial court that she had decided she wanted a jury trial because she had not realized the jury fee was "only $30." This oral request for a jury trial on August 3, 2012 operated as a surprise to Jack and the amicus attorney, both of whom indicated that they had relied upon Trisha's statements at the June 1, 2012 hearing as waiving a trial by jury. Therefore, even if we were to assume that the May 4, 2012 Order set the case for a jury trial, thereby triggering the application of *Rhyne*, we conclude that once both parties stated on the record in open court at the June 1, 2012 hearing that they intended to proceed with a bench trial, *Rhyne* no longer applied to this case, and Trisha was no longer entitled "as a matter of law" to rely on the May 4, 2012 Order as setting the case for a jury trial. If, after the June 1, 2012 hearing, Trisha decided she wanted a jury trial, she was required to comply with Rule 216. *See* Tex. R. Civ. P. 216. The record reflects that she did not. We, therefore, conclude that the trial court did not abuse its discretion by denying Trisha's oral request for a jury trial at the pretrial conference. We overrule Trisha's first point of error.

### III. Motion for Continuance

In her second point of error, Trisha argues that the trial court abused its discretion when it denied her motion for continuance. The record reflects that Trisha filed a verified motion for continuance on August 2, 2012. In her motion,

Trisha requested a continuance of the August 13, 2012 trial setting because: (1) the amicus attorney had not yet conducted a home visit at Trisha's home to observe the children in Trisha's care; (2) the trial court had not mailed or otherwise provided Trisha with a scheduling order and had sent mail to Trisha at the wrong address; and (3) Trisha's bill of review to vacate a protective order entered by the trial court was still pending in a separate cause number.  At the pretrial conference on August 3, 2012, Trisha further explained the reasons for her motion for continuance:

> MS. SHAFER:     I'm not ready for court on the 13th.  I filed a motion for continuance.
>
> THE COURT:     What is the basis for your motion for continuance?
>
> MS. SHAFER:     Nobody gave me -- what is it called? Hold on.
>
> [The amicus attorney] hasn't come to the house yet to meet with the boys.  No one gave me a scheduling order for the court, so I still need discoveries.  I have to file subpoenas for people to come testify on my behalf.  There's a lot of stuff that I still have to do.

The trial court orally denied Trisha's motion for continuance on the record during the pretrial conference.

"'The granting or denial of a motion for continuance is within the trial court's sound discretion.'"  *Gen. Motors Corp.*, 951 S.W.2d at 476 (quoting *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). A trial court's ruling on a motion for continuance, therefore, will not be disturbed on appeal unless the record

18

reflects a clear abuse of discretion. *State v. Wood Oil Dist., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). In making this determination, we must examine the entire record and not just the sworn allegations in the motion for continuance. *Gregg v. Cecil*, 844 S.W.2d 851, 853 (Tex. App.—Beaumont 1992, no writ). An abuse of discretion will only be found if it "clearly appear[s] from the record that the trial court has disregarded the party's rights" and that "the trial court's decision was arbitrary and unreasonable." *MKC Energy Invs., Inc. v. Sheldon*, 182 S.W.3d 372, 378 (Tex. App.—Beaumont 2005, no pet.).

Trisha first argues that the trial court abused its discretion by denying her motion for continuance because, at the time the motion was filed on August 2, 2012, the amicus attorney had not yet performed a home visit to observe the children in Trisha's care. At the pretrial conference on August 3, 2012, the amicus attorney, responding to Trisha's motion for continuance, informed the trial court that she had not been able to schedule the home visit at Trisha's residence due to conflicts with Trisha's work schedule and her periods of possession during the summer. Despite this, the trial court denied the motion for continuance. Later on during the pretrial conference, however, the parties and the amicus attorney agreed on the record to schedule the home visit for August 6, 2012, approximately one week before the scheduled trial date, and the record reflects that the home visit, in

19

fact, took place on that date. Trisha does not explain, and the record does not reflect, how she was prejudiced, if at all, by the home visit taking place on August 6, 2012. *See McLucas v. G.E. Capital Info. Tech. Solutions, Inc.*, 04-12-00476-CV, 2013 WL 3807893, at \*3 (Tex. App.—San Antonio July 17, 2013, pet. denied) (mem. op.) (concluding that an appellate court must find a complaining party suffered harm from the trial court's denial of a motion for continuance before a reversal is mandated); *Beutel v. Dallas County Flood Control Dist., No. 1*, 916 S.W.2d 685, 693 (Tex. App.—Waco 1996, writ denied) ("For [a litigant] to argue successfully that her motion for continuance was improperly denied, she must be able to demonstrate that she suffered harm from the trial court's action."); *see also* Tex. R. App. P. 44.1. We conclude, therefore, that Trisha has failed to demonstrate that she suffered any harm from the trial court's denial of her motion for continuance based on the amicus attorney's home visit.

Trisha also argues that the trial court abused its discretion in denying her motion for continuance because she needed additional time to conduct "relevant and necessary discovery" and to subpoena witnesses for trial. Specifically, Trisha contends that she did not have sufficient time to conduct discovery and subpoena witnesses because she did not receive a scheduling order from the trial court and, thus, "lacked guidance from the trial court regarding deadlines, status information,

and other necessary information contained in a mandated Scheduling Order." As a result, Trisha argues, discovery was incomplete at the time of trial, and "[her] ability to prepare for trial was prejudiced."

Rule 252 of the Texas Rules of Civil Procedure dictates that when moving for a first continuance based on the absence of a material witness or the need for additional time for discovery, the movant must provide an affidavit demonstrating: (1) that the testimony needed is material; (2) that due diligence has been used to procure that testimony; (3) the cause of the failure to procure the testimony, if known; (4) the name and residence of the absent witness and what that witness will prove; and (5) that the continuance is not sought for delay only, but so that justice may be done. *See* Tex. R. Civ. P. 252; *Richards v. Am. Nat'l Prop. & Cas. Co.*, 195 S.W.3d 758, 762 (Tex. App.—Beaumont 2006, no pet.). "Compliance with [R]ule 252 is a threshold requirement for obtaining relief from the trial judge." *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 526 (Tex. App.—Houston [1st Dist.] 1994, no writ).

Trisha's motion for continuance, as clarified by Trisha during the pretrial conference, was based in part on Trisha's purported need to conduct discovery and subpoena material witnesses for trial. Therefore, Trisha's motion was required to comply with Rule 252. *See* Tex. R. Civ. P. 252; *Hatteberg*, 933 S.W.2d at 526.

21

Although verified, Trisha's motion for continuance failed to identify what information or testimony she still needed or why such information or testimony was material to the issues in the case. It also failed to state the names and residences of any witnesses from whom she sought testimony and did not specify what Trisha expected to prove from any such witnesses.

In addition, Trisha's motion for continuance failed to state or otherwise demonstrate that Trisha exercised due diligence to procure the information or testimony that she was seeking, and the record affirmatively reflects that no such diligence was exercised. Trisha filed her original petition for modification of the parent-child relationship on January 9, 2012. This case, therefore, had been pending for approximately seven months at the time Trisha filed her motion for continuance on August 2, 2012. On May 4, 2012, the trial court preferentially set the case for trial on August 13, 2012 in an effort to accommodate Trisha's request for a trial setting before the end of August. Trisha verbally agreed to that trial setting on the record, signed the order setting the case for trial, and was given a copy of that order at the time it was signed Despite full knowledge of the August 13, 2012 trial setting, the record reflects that Trisha made no effort to serve any written discovery requests, depose any witnesses, or serve any subpoenas at any point during the seven months that this case was pending prior to trial. "A party

22

who does not diligently utilize the procedures for discovery can seldom claim reversible error when the trial court refuses a continuance." *Hatteberg*, 933 S.W.2d at 527; *see also Wood Oil Dist., Inc.*, 751 S.W.2d at 865 ("It is . . . well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance.").

In an effort to explain why she did not procure any of the needed information or testimony prior to filing her motion for continuance, Trisha's motion for continuance stated only that the trial court did not provide Trisha with a scheduling order. On appeal, Trisha expands on this argument, claiming that the trial court was required to provide her with a scheduling order under Montgomery County District Court Local Rule 3.5A[3] and that without a scheduling order, Trisha had no guidance "regarding deadlines, status information, and other necessary information contained in a mandated Scheduling Order." We note initially that Trisha provides no explanation as to how the failure of the trial court to enter a scheduling order precluded her from conducting any discovery during the seven

---

[3] Rule 3.5A of the Montgomery County District Court Local Rules provides, in relevant part, that "[i]t shall be the duty of each court coordinator/administrator to . . . [p]repare scheduling orders for all cases assigned to their court[.]" Montgomery Cnty. (Tex.) Dist. Ct. Loc. R. 3.5A.

months that the case was pending before she filed her motion for continuance. In addition, Trisha provides no explanation as to how the absence of a scheduling order prevented her from timely subpoenaing witnesses for trial when she had had full knowledge of the August 13, 2012 trial setting since May 4, 2012. Further, to the extent Trisha believed that she somehow needed a scheduling order to begin conducting discovery or subpoenaing witnesses material to her case, she provides no explanation as to why she never moved for the entry of or otherwise requested a scheduling order from the trial court at any time or why she waited until eleven days before trial to first complain to the trial court that she never received a scheduling order.

Moreover, we find Trisha's argument that she had no guidance regarding applicable deadlines to be without merit. As noted, Trisha received a copy of the May 4, 2012 Order at the time it was signed by the trial court. Trisha, therefore, had notice of the trial setting and the pretrial conference over three months before the scheduled trial date. Further, Trisha alleged in her pleadings that discovery was intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. Because the trial court did not enter an order adopting a specific discovery control plan, the default deadlines and limitations of Level 2 controlled

24

this case.[4] *See* Tex. R. Civ. P. 190.3(a), 190.4(b). In a Level 2 case brought under the Texas Family Code, the discovery period begins when suit is filed and continues until thirty days before the date set for trial. *See* Tex. R. Civ. P. 190.3(b)(1)(A). The discovery deadline in this case was therefore thirty days before the August 13, 2012 trial setting. *See id*. Thus, while it is true that the trial court did not enter a scheduling order setting forth a specific discovery deadline, Trisha was not without guidance regarding the applicable discovery period because the Texas Rules of Civil Procedure specifically provided when the discovery period in this case began and ended.

Although Trisha is a pro se litigant, she is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *See LaGoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) (quoting *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)) ("'The right of self-representation is not a license . . . . [for noncompliance] with the relevant rules of procedural and substantive law.'"). Any other rule would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *LaGoye*, 112 S.W.2d at 787; *Greenstreet v. Heiskell*, 940

_____

[4]This case does not satisfy the requirements for a Level 1 discovery control plan to apply. *See* Tex. R. Civ. P. 190.2(a).

S.W.2d 831, 835 (Tex. App.—Amarillo 1997, no writ). Accordingly, the fact that Trisha, proceeding pro se, failed to look to the Texas Rules of Civil Procedure for guidance with respect to the applicable discovery period in this case does not excuse her from complying with the relevant rules of civil procedure or the discovery deadlines and limitations contained therein.

"Generally, a court is presumed to have correctly exercised its discretion when it denies a motion that does not comply with the rules governing continuances." *Ramirez v. State*, 973 S.W.2d 388, 391 (Tex. App.—El Paso 1998, no pet.) (citing *Villegas*, 711 S.W.2d at 626). Here, Trisha's motion for continuance does not comply with the Texas Rules of Civil Procedure. In light of the deficiencies in Trisha's motion for continuance, her failure to exercise due diligence in procuring any discovery or witnesses purportedly needed for trial, and her failure to provide an adequate explanation as to why she waited until the eve of trial to request a continuance for discovery purposes after having conducted no discovery in the more than seven months leading up to trial, we find that the trial court did not abuse its discretion in denying Trisha's motion for continuance based

on incomplete discovery or the need to subpoena witnesses for trial.[5] We overrule

Trisha's second point of error.

Having overruled each of Trisha's points of error on appeal, we affirm the

judgment of the trial court.

AFFIRMED.


                                _____
                                        CHARLES KREGER
                                            Justice

Submitted on June 25, 2014
Opinion Delivered October 30, 2014

Before Kreger, Horton, and Johnson, JJ.

---

[5]At the trial court level, Trisha also argued that she was entitled to a continuance because her bill of review to vacate a protective order entered by the trial court was still pending in a separate cause number. Trisha does not raise this argument on appeal. We conclude, therefore, that Trisha has waived this argument, and we do not address it. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Fulgham v. Fischer*, 349 S.W.3d 153, 158 (Tex. App.—Dallas 2011, no pet.) ("[F]ailure to cite legal authority or provide substantive analysis results in waiver of the complaint.").